KHOUZAM, Judge.
In this appeal of the denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), Rico Young claims that the prison releasee reoffender (PRR) sentence imposed for his 1998 offense of armed burglary of a conveyance is illegal. This is at least the third time that this court has considered and rejected this issue on appeal. See, e.g., Young v. State, 25 So.3d 1242 (Fla. 2d DCA 2009) (table); Young v. State, 976 So.2d 1115 (Fla. 2d DCA 2007) (table). We write only to explain briefly why the premise behind Mr. Young’s argument is unsound.
At the time Mr. Young committed his crime, the prison releasee reoffender statute designated armed burglary as an offense for which enhanced punishment could be imposed. See § 775.082(8)(a)(l)(p), Fla. Stat. (1997). A 2001 amendment to the statute did not affect that designation. See § 775.082(9)(a)(l)(p), Fla. Stat. (2001-2010). Accordingly, Mr. Young’s sentence *1023 for armed burglary of a conveyance is legal under any version of the statute. Furthermore, Mr. Young’s arguments founded upon the illegality of PRR sentencing for burglary of an unoccupied dwelling or structure are fundamentally flawed-not only because he did not burglarize a dwelling or structure but also because he was armed during the commission of the offense.
Affirmed.
ALTENBERND and LaROSE, JJ., Concur.