PER CURIAM.
Gene Allen Brown (the defendant) appeals an order summarily denying his Rule 3.800(a) motion. We affirm the trial court’s well-reasoned order.
The defendant was charged with (I) Burglary of a Conveyance While Armed and (II) Grand Theft (motor vehicle). Count I, a first degree felony punishable by life, section 810.02(2)(b), Florida Statutes (2001), alleged that the defendant “was or became armed within the conveyance, with a knife, an explosive or dangerous weapon.” Following a jury trial, the defendant was found guilty as charged and sentenced on Count I to life in prison as a prison releasee reoffender (PRR).
This court affirmed the defendant’s conviction and sentence. In the instant Rule 3.800(a) motion, the defendant raised three grounds which he claimed subjected him to an illegal sentence. First, the defendant asserted that a PRR sentence could not be imposed on a conviction for burglary of a conveyance. However, the defendant was not convicted of burglary of a conveyance; rather, he was convicted of burglary of a conveyance while armed. Although mere burglary of a conveyance is not an enumerated offense for purposes of sentencing as a PRR, section 775.082(9)(a)l, Florida Statutes (2001), armed burglary is included in the enumerated offenses that qualify a defendant as a PRR. § 775.082(9)(a)l.p„ Fla. Stat. (2001). Because armed burglary of a conveyance is a first degree felony punishable by life, the life sentence is legal. § 775.082(9)(a)3.a, Fla. Stat. (2001); McDonald v. State, 957 So.2d 605, 612 (Fla.2007); see Young v. State, 54 So.3d 1022 (Fla. 2d DCA 2011) (holding that defendant’s PRR sentence for armed burglary of a conveyance is legal).
Second, the defendant argues that the PRR statute does not apply to his offense because he did not use the knife during the course of the burglary of a conveyance to threaten bodily harm. Third, he argues that the knife that he possessed during the burglary does not qualify as a “dangerous weapon” for purposes of armed burglary.
The state pointed out in its response to the defendant’s Motion to Correct Illegal Sentence that the grounds raised by the defendant are not cognizable in a Rule 3.800(a) motion. Wright v. *962 State, 911 So.2d 81 (Fla.2005). Wright held that the legality of a sentence can be attacked on a Rule 3.800(a) motion only on certain specific grounds, none of which were raised in the defendant’s motion. Essentially, in this motion the defendant challenges his conviction, rather than his sentence. He does not argue that his conviction for armed burglary does not qualify him for PRR sentencing. He argues that he should not have been convicted of armed burglary of a conveyance, but instead should have been convicted only of burglary of a conveyance. The defendant has shown no legal or factual basis to support his claim that his sentence is illegal.
Accordingly, we affirm the trial court’s order denying the defendant’s Motion to Correct Illegal sentence in all respects.

Affirmed.

WARNER, TAYLOR and LEVINE, JJ., concur.