911 So.2d 81 (2005)
George I. WRIGHT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-137.
Supreme Court of Florida.
September 1, 2005.
Matthew J. Conigliaro and Hunter W. Carroll of Carlton Fields, P.A., St. Petersburg, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Chief-Assistant Attorney General, Bureau Chief, Criminal Appeals, Anne Sheer Weiner and Jonathan P. Hurley, Assistant Attorney Generals, Tampa, FL, for Respondent.
ANSTEAD, J.
We have for review the decision in Wright v. State, 864 So.2d 1153 (Fla. 2d DCA 2003), which certified conflict with the decisions in Kirtsey v. State, 855 So.2d 177 (Fla. 1st DCA 2003); Hernandez v. State, 825 So.2d 513 (Fla. 4th DCA 2002); Bingham v. State, 813 So.2d 1021 (Fla. 1st DCA 2002); Thames v. State, 769 So.2d 448 (Fla. 1st DCA 2000); Hampton v. *82 State, 764 So.2d 829 (Fla. 1st DCA 2000); and Macias v. State, 614 So.2d 1216 (Fla. 3d DCA 1993). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The Second District in Wright held that the failure of a sentencing court to provide written reasons for retaining jurisdiction, in violation of section 947.16(3)(a), Florida Statutes (Supp.1978),[1] does not constitute an "illegal sentence," as contemplated by the provisions of Florida Rule of Criminal Procedure 3.800(a),[2] thereby permitting a challenge long after the sentence has been imposed. Wright, 864 So.2d at 1155. For the reasons expressed below, we approve the Second District's decision in Wright and disapprove the other district courts' decisions to the extent they conflict with Wright.

Proceedings to Date
In 1979, Wright pled guilty in two separate cases charging him with armed robbery, and the trial court imposed concurrent sentences of seventy-five years in prison. Id. at 1154. The court retained jurisdiction over the first one-third of both sentences. Id. In 2002, twenty-three years after the sentences were imposed, Wright filed a pro se motion in the trial court pursuant to rule 3.800(a), arguing that both his sentences were illegal because, first, under section 947.16(4), a trial court may retain jurisdiction over one-third of only one sentence, not both sentences, and, second, because the trial court did not explain its reasons for retaining jurisdiction over the sentences. Id. The trial court granted relief on Wright's first claim, relinquishing jurisdiction over one of the sentences, but denied the second claim, holding claims involving reasons for retaining jurisdiction were issues to be addressed on direct appeal, not in a motion in the trial court post-appeal. Id.
The Second District Court of Appeal affirmed the trial court's granting of Wright's first claim without discussion. Id. With regard to Wright's second claim, the Second District first receded from its prior decision in King v. State, 835 So.2d 1224 (Fla. 2d DCA 2003), which "held that a rule 3.800(a) motion is a proper vehicle to challenge" a trial court's order retaining jurisdiction that does not comply with all statutory requirements. Wright, 864 So.2d at 1154. Based upon an analysis of this Court's decisions in Maddox v. State, 760 So.2d 89, 107-08 (Fla.2000); State v. Mancino, 714 So.2d 429 (Fla.1998); and Davis v. State, 661 So.2d 1193, 1196 (Fla. 1995), receded from on other grounds by Mack v. State, 823 So.2d 746 (Fla.2002), the Second District concluded that a "challenge to the trial court's failure to provide reasons for retaining jurisdiction is not cognizable in a rule 3.800(a) motion to correct illegal sentence." Wright, 864 So.2d at 1155.
The court reasoned that "a challenge to the sufficiency of the reasons for a trial court's retention of jurisdiction over a sentence is analogous to a challenge to a trial court's failure to provide departure reasons for a sentence." Id. And, the district *83 court concluded, since this Court held in Davis that the failure to provide departure reasons did not constitute the kind of illegality contemplated by the rule, neither should the failure to provide written reasons for retention of jurisdiction be sufficient to invoke the open-ended provisions of the rule. Id. In its holding, the Second District certified conflict with the decisions in Kirtsey, Hernandez, Bingham, Thames, Hampton, and Macias. Id.

Analysis
Rule 3.800(a) allows a trial court "broad authority to correct an illegal sentence without imposing a time limitation on the ability of defendants to seek relief." Carter v. State, 786 So.2d 1173, 1176 (Fla.2001) (emphasis added). In Carter we held that an illegal sentence subject to correction under the rule must be one that no judge under the entire body of sentencing laws could possibly impose. Id. at 1178. However, there is no specific definition of "illegal sentence" in the rule itself, and this has led to confusion concerning the illegal sentences contemplated by the rule. See Maddox, 760 So.2d at 96 n. 6 (describing the changing meaning of the term "illegal sentence" under this Court's caselaw).
Earlier, in Davis, this Court found that a trial court's failure to file written reasons for a departure from the sentencing guidelines did not cause the sentence to be illegal and thus correctable at any time through rule 3.800(a). Davis, 661 So.2d at 1196-97. We explained in Davis "that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." Davis, 661 So.2d at 1196. We concluded that a trial court's failure to provide written departure reasons at the time of sentencing may constitute reversible error cognizable on direct appeal but such error was not of the magnitude to permit a challenge through a rule 3.800(a) motion. Id. at 1195, 1197 (citing Ree v. State, 565 So.2d 1329 (Fla.1990), modified, State v. Lyles, 576 So.2d 706 (Fla.1991), receded from by Smith v. State, 598 So.2d 1063 (Fla.1992)).
Since Davis, we have found few other claims that come within the illegality contemplated by the rule. Mack, 823 So.2d at 751 (holding that when a defendant not initially sentenced as a habitual offender is given habitual offender status upon resentencing, and the error is apparent on the face of the record, the sentence is illegal and subject to a rule 3.800(a) challenge); Bover v. State, 797 So.2d 1246, 1247 (Fla.2001) ("[W]here the requisite predicate felonies essential to qualify a defendant for habitualization do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence."); Carter, 786 So.2d at 1180 (holding that a habitual offender sentence is illegal when the habitual offender statute in effect at the time of the crime prohibited a court from imposing habitual offender status); Mancino, 714 So.2d at 433 (holding that a sentence can be challenged under rule 3.800(a) "if the record reflects that a defendant has served time prior to sentencing on the charge," and the sentence "does not properly credit the defendant with time served"); Hopping v. State, 708 So.2d 263, 265 (Fla.1998) ("[W]here it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal and can be reached at any time under rule 3.800."). Hence, while the illegality contemplated by the rule may be invoked at any time, even after the illegal sentence has been erroneously affirmed *84 on appeal,[3] the illegality must be of a fundamental nature.
We find merit in the Second District's analogy of retaining jurisdiction over a sentence to a trial court's failure to provide departure reasons for a sentence, as was the case in Davis. Wright, 864 So.2d at 1155. Regarding certain crimes, section 947.16(4) provides:
[A]t the time of sentencing the judge may enter an order retaining jurisdiction over the offender for review of a commission release order. This jurisdiction of the trial court judge is limited to the first third of the maximum sentence imposed. When any person is convicted of two or more felonies and concurrent sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to the first third of the maximum sentence imposed for the highest felony charged and proven. When any person is convicted of two or more felonies and consecutive sentences are imposed, then the jurisdiction of the trial court judge as provided herein shall apply to one-third of the total consecutive sentences imposed.
(a) In retaining jurisdiction for the purposes of this act, the trial court judge shall state the justification with individual particularity, and said justification shall be made a part of the court record.
§ 947.16(3), Fla. Stat. (Supp.1978). The purpose of section 947.16 was to prevent early parole of prisoners convicted of dangerous crimes without the consent of the sentencing judge. State v. Green, 421 So.2d 508, 509 (Fla.1982) (citing Borden v. State, 402 So.2d 1176 (Fla.1981)).
Analogizing to the reasoning in Davis, a defendant, of course, is entitled to challenge on appeal the sentencing court's technical error of not fully complying with the conditions of the retention statute by failing to provide written reasons for retaining jurisdiction. Davis, 661 So.2d at 1197 ("When sentencing errors are apparent on the face of the record, ... the error can be corrected by a simple remand to the sentencing judge."); see also Ree, 565 So.2d 1329, 1332 (holding that a sentencing court's failure to specify reasons for departing from sentencing guidelines at the time of sentencing constituted reversible error). However, neither the absence of written reasons for a departure from the guidelines nor the absence of written reasons for retention of jurisdiction involves a court's patent lack of authority or jurisdiction, a violation of the sentencing maximums provided by the Legislature, or a violation of some other fundamental right resulting in a person's wrongful imprisonment. While it is not the only evil of illegality contemplated by rule 3.800, we noted in Davis that it was this fundamental concern to correct a sentence in excess of the legal maximum that provided the primary example for the rule's policy of providing unlimited time to challenge a wrongful imprisonment. Davis, 661 So.2d at 1196. Although provisions mandating reasons for departure or retention are obviously important, and enforceable on appeal, we conclude that a violation of such provisions is simply not of the same magnitude as imposing a sentence beyond the maximum time provided by law or otherwise acting without lawful authority in causing the defendant's imprisonment.
We recognize that there is also a difference between failing to provide written reasons for a departure sentence, which can result in the imposition of a longer sentence, and failing to provide written reasons for retaining jurisdiction, which will not result in the imposition of a longer *85 sentence but may effect an earlier release. However, we find that the scenarios are sufficiently similar to merit similar treatment because they both deal with conditions required for both departing from the sentencing guidelines and retaining jurisdiction, as opposed to the imposition of sentences exceeding the maximum allowable for the crime in question or imposed without lawful authority. Therefore, we agree that Davis is persuasive in this instance, and we approve of the Second District's extension of its reasoning to this case.
Accordingly, for the reasons expressed above, we approve of the Second District's decision in Wright and disapprove of the other district court decisions conflicting with Wright.
It is so ordered.
PARIENTE, C.J., and WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] Subsection (3) was renumbered (4) with the 1985 amendments to section 947.16. However, the text remains nearly identical.
[2] Rule 3.800(a) provides:

A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
Fla. R.Crim. P. 3.800(a).
[3] See Bedford v. State, 633 So.2d 13, 14 (Fla.1994).