SILBERMAN, Judge.
 

 Bryan Keith Hogan appeals an order granting the State’s Motion to Clarify Previous Court Ruling Dated December 31, 2002. The clarification order rendered on March 30, 2006, corrects factual assertions in two prior orders, entered in 2000 and 2002, that disposed of Hogan’s motions to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure
 
 *836
 
 3.800(a). The issue relevant to this appeal regarding the rule 3.800(a) motions was the retention of jurisdiction on a 1979 sentence for involuntary sexual battery. Because there was no legal authority for the State to file in 2006 its motion to clarify, and no jurisdictional basis for the postcon-viction court to consider the motion to clarify, we vacate the order rendered on March 30, 2006, along with the order rendered on April 21, 2006, that denies Hogan’s motion for rehearing and the order rendered on May 10, 2006, that denies Hogan’s motion to clarify.
 
 [1]
 

 In 1979, Hogan was convicted and sentenced for attempted second-degree murder and involuntary sexual battery. Judge Bergstrom imposed consecutive sentences of fifteen years and ninety-nine years, respectively, and retained jurisdiction over the defendant on one-third of the sentences, pursuant to section 947.16(3),
 
 [2]
 
 Florida Statutes (Supp.1978). Hogan filed a motion to reduce sentence, and our record indicates that Judge Bergstrom set aside the retention of jurisdiction on only the sentence for attempted second-degree murder.
 

 In 2000, Hogan filed a pro se motion to correct illegal sentence pursuant to rule 3.800(a). The motion asserted that Judge Bergstrom set aside the reservation of jurisdiction on case number 79-00328, the attempted murder case. In the order ruling on the motion, Judge Villanti stated in pertinent part as follows:
 

 Defendant’s second ground is that the Court improperly retained jurisdiction over his sentence. Defendant also acknowledges in his motion that, during a hearing on Defendant’s Motion to Reduce Sentence held one week after sentencing, the Court vacated and set aside the previously ordered reservation of jurisdiction. Therefore, this claim is moot.
 

 Hogan did not appeal this order.
 

 In 2002, Hogan filed a second pro se motion to correct illegal sentence. He asserted that Judge Bergstrom had set aside the reservation of jurisdiction, referenced Judge Villanti’s prior order, and asserted that the Department of Corrections refused to acknowledge that the reservation of jurisdiction had been set aside. In the order denying the motion, Judge Bray stated in pertinent part as follows:
 

 First, Defendant again raises the issue of the retention of jurisdiction which he raised in his previous motion. That claim was previously denied as moot because the Court vacated and set aside the reservation of jurisdiction during a hearing on a motion to modify sentence. Defendant acknowledges that the Court vacated and set aside the retention of jurisdiction, but alleges that the Department of Corrections refuses to acknowledge same. If the Department of Corrections has failed to follow an order of the Court, Defendant must seek relief through administrative channels within the Department of Corrections and, if necessary, by filing a petition for writ of mandamus in the circuit court of the county in which he is incarcerated.
 

 Hogan appealed this order, and this court issued a per curiam affirmance.
 
 See Hogan v. State,
 
 958 So.2d 931 (Fla. 2d DCA 2003) (table decision).
 

 
 *837
 
 In 2006, the State filed its motion to clarify and asserted that in 1979 Judge Bergstrom set aside the retention of jurisdiction only in the attempted murder case and that the orders entered in 2000 and 2002 were inaccurate in that regard. It appears that the retention issue arose when Hogan had come before the Florida Parole Commission. Judge Bulone entered the March 2006 order now on appeal and stated that “the Court Orders that Judge Villanti’s Order dated October 31, 2000, and Judge Bray’s Order dated December 31, 2002, be corrected to reflect that Judge Bergstrom’s sentence, dated December 3, 1979, retaining one third jurisdiction of defendant’s ninety-nine year sentence, is in effect.” Judge Bulone denied Hogan’s motion for rehearing and his motion for clarification. Hogan now appeals the three orders Judge Bulone entered in 2006.
 

 Hogan contends that the State was proeedurally barred from seeking clarification when it did not file a timely motion for clarification or timely exercise its right to appeal either Judge Villanti’s order or Judge Bray’s order. We conclude that Judge Bulone was without jurisdiction to consider the State’s motion to clarify the previous rulings made in 2000 and 2002.
 

 Hogan correctly asserts that the State failed to appeal the 2000 and 2002 orders. Section 924.066(2), Florida Statutes (2000, 2002), provides, “Either the state or a prisoner in custody may obtain review in the next higher state court of a trial court’s adverse ruling granting or denying collateral relief.”
 

 As to the timeliness of the motion to clarify, Hogan refers to Florida Rule of Appellate Procedure 9.330(a) in arguing that motions to clarify must be filed within fifteen days of the decision. Of course, rule 9.330 applies to motions to clarify decisions of the appellate court, not post-conviction orders in the circuit court. Rule 3.800 does not provide for a “motion for clarification.” Rule 3.800(b) provides, “A party may file a motion for rehearing of any order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order or within 15 days of the expiration of the time period for filing an order if no order is filed.” However, when the orders were entered in 2000 and 2002, rule 3.800 did not provide for a motion for rehearing.
 
 See Amendments to the Fla. Rules of Criminal Procedure,
 
 886 So.2d 197, 199-200 (Fla.2004). Thus, even if the State had not filed the motions years late, nothing in rule 3.800 authorized a motion for rehearing or a motion for clarification when the judges entered their orders in 2000 and 2002.
 

 In
 
 Ruiz v. State,
 
 927 So.2d 162 (Fla. 3d DCA 2006), the defendant appealed from an order denying his motion for clarification. The motion requested an amendment of his sentencing orders to reflect credit for prison time served before the revocation of his probation. The Third District recognized that in denying the motion the trial court stated “that it was ‘not aware of a Motion for Clarification in the Rules of Criminal Procedure.’ ”
 
 Id.
 
 at 163. There, the State conceded that the motion should have been treated as a rule 3.800(a) motion to correct illegal sentence to award credit for time served.
 

 In the present case, the State’s motion to clarify was not authorized by the Florida Rules of Criminal Procedure, and the motion was not seeking the correction of an illegal sentence as in
 
 Ruiz.
 
 The State was seeking in 2006 to correct a factual assertion regarding the retention of jurisdiction in a prior order denying a rule 3.800(a) motion. There was no jurisdictional basis for the State to file the motion to clarify, and the postconviction court was without jurisdiction to rule on the motion and to enter the March 2006 order, along
 
 *838
 
 with the orders denying Hogan’s motions for rehearing and clarification. Thus, we vacate those 2006 orders.
 

 We recognize that Judge Bulone’s March 2006 order accurately states, based on our record, “that Judge Bergstrom’s sentence, dated December 3, 1979, retaining one third jurisdiction of defendant’s ninety-nine year sentence, is in effect.” Our vacating Judge Bulone’s order does not change that the retention of jurisdiction is in effect, because neither the 2000 order nor the 2002 order vacated the retention of jurisdiction. As Judge Bulone recognized in the motion denying rehearing, the 2000 order contained “a statement, albeit erroneous, as to what had taken place over 20 years earlier, but did not substantively affect the retention of jurisdiction.”
 

 We note that in denying Hogan’s motion for rehearing, Judge Bulone stated that Hogan “was specifically advised during the hearing that, because his prior claims that the retention of jurisdiction was illegal were denied procedurally due to an error, he may refile that claim to be considered substantively.” Hogan alleged in his original rule 3.800(a) motion in 2000 that the four reasons used to justify the retention of jurisdiction were invalid. However, the failure to state reasons for the retention of jurisdiction does not constitute an illegal sentence and is not a cognizable claim under rule 3.800(a).
 
 See Wright v. State,
 
 911 So.2d 81, 82 (Fla. 2005). The supreme court explained that a defendant “is entitled to challenge on appeal the sentencing court’s technical error of not fully complying with the conditions of the retention statute by failing to provide written reasons for retaining jurisdiction.”
 
 Id.
 
 at 84. In
 
 Wright,
 
 the Florida Supreme Court approved this court’s decision and explained that this court “reasoned that ‘a challenge to the sufficiency of the i’easons for a trial court’s retention of jurisdiction over a sentence is analogous to a challenge to a trial court’s failure to provide departure reasons for a sentence.’ ” 911 So.2d at 82 (quoting
 
 Wright v. State,
 
 864 So.2d 1153, 1155 (Fla. 2d DCA 2003) (en banc));
 
 see also Blount v. State,
 
 627 So.2d 576 (Fla. 2d DCA 1993) (determining that the validity of reasons for departure could not be raised in a motion to correct sentence);
 
 Delgado v. State,
 
 973 So.2d 644, 645 (Fla. 3d DCA 2008) (holding that the validity of departure reasons “cannot be attacked by a 3.800(a) motion”). Thus, it appears that Hogan does not have a cognizable rule 3.800(a) claim regarding the sufficiency of the reasons for the retention of jurisdiction.
 

 In summary, we vacate the clarification order rendered on March 30, 2006, along with the order rendered on April 21, 2006, that denies Hogan’s motion for rehearing and the order rendered on May 10, 2006, that denies Hogan’s motion to clarify.
 

 Orders vacated.
 

 CASANUEVA and LaROSE, JJ., Concur.
 

 [1]
 

 . Hogan raised sixteen issues on appeal. Our decision to vacate the clarification order moots eleven of Hogan's other issues. Four remaining issues concern prior proceedings, such as the original sentencing and parole hearings, which are not properly before this court for review, and we do not address those issues.
 

 [2]
 

 . This provision is now contained in subsection (4).
 
 See
 
 § 947.16(4), Fla. Stat. (2008).