# Supreme Court of Florida

_____

No. SC15-1620
_____

**JOSE MARTINEZ,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[February 23, 2017]

POLSTON, J.

Jose Martinez seeks review of the decision of the Fourth District Court of Appeal in <u>Martinez v. State</u>, 169 So. 3d 170 (Fla. 4th DCA 2015).[1] For the reasons expressed below, we approve the Fourth District's holding that the alleged defect in the charging document in this case does not constitute an illegal sentence subject to correction under Florida Rule of Criminal Procedure 3.800(a).

---

1. We have jurisdiction. <u>See</u> art. V, § 3(b)(3), Fla. Const.

## BACKGROUND

In 2000, Martinez was charged by information with one count of robbery with a firearm. The State alleged in the information that Martinez "carried" the firearm during the commission of the offense in violation of section 812.13(2)(a), Florida Statutes (1999).[2] Following a jury trial, Martinez was found guilty as charged. In response to a special interrogatory, the jury also found that Martinez did "actually possess" a firearm during the robbery. The trial court sentenced Martinez to 25 years in prison and, based on the jury finding of actual possession, imposed a 10-year mandatory minimum sentence pursuant to section 775.087(2)(a)1., Florida Statutes (1999).[3] In 2001, the Fourth District affirmed Martinez's conviction and sentence on direct appeal. Martinez v. State, 801 So. 2d 944 (Fla. 4th DCA 2001).

In March 2014, Martinez filed a rule 3.800(a) motion to correct illegal sentence in which he argued that his 10-year mandatory minimum sentence was

---

2. The crime of robbery is reclassified from a second degree felony to a first degree felony punishable by life in prison "[i]f in the course of committing the robbery the offender carried a firearm or other deadly weapon." § 812.13(2)(a), Fla. Stat. (1999).

3. As part of the 10-20-Life sentencing scheme, this statute provides that an offender who "actually possessed" a firearm during the commission of a robbery (or other enumerated offense) must be sentenced to a minimum term of 10 years in prison. § 775.087(2)(a)1., Fla. Stat. (1999).

illegal because the allegation in the information that he carried a firearm was not sufficient to place him on notice that he was subject to an enhanced sentence based on actual possession of a firearm. The circuit court denied the motion, and Martinez appealed. The Fourth District affirmed the denial of Martinez's motion, holding that the alleged charging defect in this case did not "result[] in an illegal sentence subject to correction at any time under Rule 3.800(a)." Martinez, 169 So. 3d at 172. The Fourth District reasoned that Martinez waived any challenge to the sufficiency of the information or the imposition of a mandatory minimum sentence because these issues were not raised at trial or on direct appeal and, therefore, Martinez could not raise them for the first time more than a decade later in a rule 3.800(a) motion. Id.

## ANALYSIS

Martinez argues that his 10-year mandatory minimum sentence should be vacated because the charging document in this case did not provide him with sufficient notice of the potential punishment he faced. He contends that this alleged error constitutes the type of illegal sentence that is subject to correction under rule 3.800(a). We disagree.[4]

_____

4. Whether a claim of error may be raised in a motion to correct illegal sentence under rule 3.800(a) is a pure question of law subject to de novo review. See Saintelien v. State, 990 So. 2d 494, 496 (Fla. 2008).

Pursuant to the rules of criminal procedure, a court may at any time correct an "illegal sentence" when the pertinent court records demonstrate on their face that a defendant is entitled to relief. Fla. R. Crim. P. 3.800(a)(1); see also Carter v. State, 786 So. 2d 1173, 1176 (Fla. 2001) ("[R]ule 3.800(a) vests trial courts with the broad authority to correct an illegal sentence without imposing a time limitation on the ability of defendants to seek relief."). "The intent of rule 3.800(a) is 'to balance the need for finality of convictions and sentences with the goal of ensuring that criminal defendants do not serve sentences imposed contrary to the requirements of law.' " Plott v. State, 148 So. 3d 90, 93 (Fla. 2014) (quoting Carter, 786 So. 2d at 1176).

Noting that the term "illegal sentence" is not defined in the rule, we have held that to be subject to correction under rule 3.800(a) a sentence must be "one that no judge under the entire body of sentencing laws could possibly impose." Wright v. State, 911 So. 2d 81, 83 (Fla. 2005) (citing Carter, 786 So. 2d at 1178). Put another way, "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition 'illegal.' " Plott, 148 So. 3d at 94 (alteration in original) (quoting State v. Mancino, 714 So. 2d 429, 433 (Fla. 1998)).

We have recognized that few claims raised under rule 3.800(a) "come within the illegality contemplated by the rule." Wright, 911 So. 2d at 83. For example, in Wright, we held that a trial court's failure to provide written reasons for retaining

jurisdiction over a defendant's sentence did not constitute an illegal sentence subject to correction under the rule. Id. at 82. We explained that while the defendant was entitled to challenge this technical sentencing error on direct appeal, he could not do so in a rule 3.800(a) motion because the error was not one involving "a court's patent lack of authority or jurisdiction, a violation of the sentencing maximums provided by the Legislature, or a violation of some other fundamental right resulting in a person's wrongful imprisonment." Id. at 84. By comparison, we have held that a sentence that has been unconstitutionally enhanced in violation of the double jeopardy clause is illegal and, therefore, may be corrected under rule 3.800(a). Hopping v. State, 708 So. 2d 263, 265 (Fla. 1998).

Here, Martinez has not demonstrated that the alleged error in the information charging him with robbery while he "carried" a firearm falls within the narrow class of sentencing errors subject to correction under rule 3.800(a). In his motion to correct illegal sentence, Martinez did not argue that the trial court lacked authority or jurisdiction to impose a 10-year mandatory minimum sentence or that his sentence exceeded the statutory maximum for armed robbery. Cf. Mancino 714 So. 2d at 433 ("[A] sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served."); Davis v. State, 661 So. 2d 1193, 1196

(Fla. 1995) (defining an illegal sentence as "one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines"). Nor did Martinez contend that he did not meet the statutory criteria needed to impose a 10-20-Life mandatory minimum sentence based on actual possession of a firearm. Cf. Saintelien, 990 So. 2d at 497 (holding that rule 3.800(a) may be used to correct an allegedly erroneous sexual predator designation where it is apparent from the face of the record that the defendant did not meet the criteria for such a designation); Bover v. State, 797 So. 2d 1246, 1247 (Fla. 2001) (holding that "where the requisite predicate felonies essential to qualify a defendant for habitualization do not exist as a matter of law and that error is apparent from the face of the record, rule 3.800(a) can be used to correct the resulting habitual offender sentence").

Instead, Martinez challenged the procedure that led to the imposition of his mandatory minimum sentence by arguing that he was deprived of his due process right to notice of the potential punishment he faced. Such a challenge, however, is not cognizable in a rule 3.800(a) motion. In a factually similar case, the Second District held that a defendant's allegation that he did not receive notice of the state's intent to seek a habitual offender sentence enhancement was not the proper subject of a motion to correct illegal sentence. Judge v. State, 596 So. 2d 73, 77-79 (Fla. 2d DCA 1992) (on rehearing en banc). In reaching this conclusion, the Second District explained that rule 3.800(a) "is not a vehicle designed to re-

examine whether the procedure employed to impose the punishment comported with statutory law and due process" but rather it is "concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law." Id. at 77; see also Bover, 797 So. 2d at 1249 (approving Judge's explanation of the scope of rule 3.800(a)); Ives v. State, 993 So. 2d 117, 120 (Fla. 4th DCA 2008) ("A deficiency merely in the procedure employed, where the movant actually qualifies for an enhanced sentence, does not result in an illegal sentence.").

Accordingly, because Martinez's particular challenge to his sentence is not cognizable under rule 3.800(a), the Fourth District properly affirmed the denial of Martinez's motion to correct illegal sentence.

## CONCLUSION

For the reasons expressed above, we approve the Fourth District's decision to affirm the denial of Martinez's motion to correct illegal sentence on the basis that the alleged defect in the charging document in this case does not result in an illegal sentence subject to correction under rule 3.800(a).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and CANADY, JJ., concur.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

      Fourth District - Case No. 4D14-2076

      (St. Lucie County)

Rocco Joseph Carbone, III of Eakin & Sneed, Atlantic Beach, Florida,

      for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Consiglia Terenzio, Bureau Chief, and Richard Chambers Valuntas, Assistant Attorney General, West Palm Beach, Florida,

      for Respondent