NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARLOS MANUEL MARTINEZ,           )
                                  )
            Appellant,            )
                                  )
v.                                )       Case No. 2D17-560
                                  )
STATE OF FLORIDA,                 )
                                  )
            Appellee.             )
_____ )

Opinion filed August 24, 2018.

Appeal from the Circuit Court for Sarasota
County; Donna Padar Berlin, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katie Salemi Ashby,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

        Carlos Martinez appeals an order clarifying his sentences, which granted

the State's motion to clarify his sex offender probation.  We reverse because the trial

court lacked jurisdiction to rule on the State's motion.

In 2013, Martinez entered no contest pleas to (1) use of a computer to solicit a parent to commit sex acts on a child, a violation of section 847.0135(3)(b), Florida Statutes (2011), and (2) traveling to meet a minor, a violation of section 847.0135(4)(a). In exchange for his pleas, Martinez was sentenced to 42 months in prison on both charges, to be followed by concurrent terms of 18 months' sex offender probation on the first count and 48 months' sex offender probation on the second count. At the sentencing hearing, the trial court announced that the probation would be "sex offender probation," but the trial court did not announce any specific conditions of probation. An order of sex offender probation was entered listing special conditions of sex offender probation.

In 2016, the State filed a motion to clarify sentence, asserting that the trial court was required to orally pronounce the conditions of sex offender probation pursuant to section 948.30, Florida Statutes (2011). Section 948.30 requires the trial court to impose certain conditions for sex offender probation for specified offenses, but the statute provides that the conditions "do not require oral pronouncement at the time of sentencing." The State seemed to believe that because the offenses in this case are not enumerated in section 948.30 and the conditions are therefore permissive, rather than mandatory, see Villanueva v. State, 200 So. 3d 47, 52 (Fla. 2016), the conditions imposed pursuant to that statute must be orally pronounced. The trial court held a hearing, granted the State's motion to clarify, and orally pronounced the conditions of sex offender probation. The trial court entered a written order reflecting the conditions it orally pronounced at the hearing.

On appeal, Martinez contends that the trial court lacked jurisdiction to rule on the State's motion to clarify or to amend his conditions of probation three years after his original sentences were imposed. We agree. There was no legal authority for the State to file its motion to clarify in 2016, three years after the order of probation was entered, and there was no jurisdictional basis for the court to consider the State's motion to clarify in 2016. See Hogan v. State, 12 So. 3d 835, 837 (Fla. 2d DCA 2009) (holding that there was no basis under Florida Rule of Criminal Procedure 3.800 for the State to file a motion to clarify in 2006, twenty-seven years after the sentence was entered and four and six years after the trial court entered orders ruling on defendant's motions to correct illegal sentences). The State was not seeking the correction of an illegal sentence under rule 3.800(a), and the State's motion was untimely under the provisions of rule 3.800(b) relating to motions to correct sentencing errors and rule 3.800(c) relating to motions to reduce or modify sentences. See Fla. R. Crim. P. 3.800(b), (c) (providing that a motion to correct sentencing error must be filed within thirty days of sentence or before initial brief is filed on appeal and that a court may reduce or modify a sentence within sixty days after imposition or conclusion of direct appeal); see, e.g., Poplar v. State, 842 So. 2d 902, 903 (Fla. 2d DCA 2003) (holding that trial court lacked jurisdiction under rule 3.800(c) to add mandatory condition of probation years after the probation sentence was imposed and recognizing that failure to impose mandatory condition at time of sentencing rendered sentence incomplete but not illegal); Music v. State, 655 So. 2d 231, 232 (Fla. 1st DCA 1995) (holding that where defendant agreed to special condition of probation as part of plea agreement but trial court failed to orally announce the condition or include the condition in the probation

order, trial court lacked jurisdiction five years later to correct the probation to include the missing condition because sentence was not illegal and thus not subject to correction under rule 3.800(a) and the time period in rule 3.800(b) had expired). Accordingly, we reverse the 2016 order clarifying Martinez's sentence with directions for the trial court to vacate it.[1]

Even though the State filed the motion to clarify, the State now claims that Martinez's original sex offender probation imposed in 2013 was proper. In its brief, the State relies on the Fourth District's decision in Levandoski v. State, 217 So. 3d 215, 219 (Fla. 4th DCA 2017), which held that sex offender conditions were legal where the trial court orally announced it was imposing "sex offender probation" but did not specifically announce each condition. The supreme court recently approved the Fourth District's decision and held that the defendant was not entitled to relief where he did not challenge his sentence under rule 3.800(b), he specifically requested sex offender probation as part of his request for a downward departure sentence, and the trial court put him on notice that he was receiving sex offender probation when it announced "sex offender probation" and referenced a restriction on using the internet. Levandoski v. State, 43 Fla. L. Weekly S258, S259-60 (Fla. June 7, 2018). We note that Martinez never challenged his 2013 order of probation containing the conditions of sex offender probation, but according to Levandoski, 43 Fla. L. Weekly at S259-60, his 2013 order of sex offender probation is legal. See also Jones v. State, 43 Fla. L. Weekly D1611 (Fla.

---

[1]This court recently reversed a similar order clarifying sentence without reaching this jurisdictional issue. See Jones v. State, 43 Fla. L. Weekly D1611 (Fla. 2d DCA July 13, 2018).

2d DCA July 13, 2018) (reversing order clarifying sentence but noting that defendant's original sentence of sex offender probation was proper under <u>Levandoski</u>).

Reversed and remanded.

LaROSE, C.J., and KELLY, J., Concur.