# Third District Court of Appeal

## State of Florida

Opinion filed July 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2021
Lower Tribunal No. F11-30699A
_____

**Lougens Louis,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Lougens Louis, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before SCALES, LINDSEY, and MILLER, JJ.

PER CURIAM.

Affirmed.  See § 775.087(2)(a)2., Fla. Stat. (2011) ("Any person who is convicted of a felony or an attempt to commit a felony . . . regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a 'firearm' or 'destructive device' . . . shall be sentenced to a minimum term of imprisonment of 20 years."); see also Martinez v. State, 211 So. 3d 989, 991 (Fla. 2017) (affirming appellate court's holding that charging document, which was allegedly defective for not providing sufficient notice of potential punishment of "actual possession of a firearm" as opposed to "carr[ying] a firearm," did not constitute illegal sentence subject to correction under Florida Rule of Criminal Procedure 3.800(a)); Cabrera v. State, 352 So. 3d 512, 514 (Fla. 2d DCA 2022) ("[A] claim that the charging document did not allege the facts necessary to support [the] enhanced sentence is precisely the type of technical deficiency in the sentencing procedure that the supreme court held is not cognizable in a rule 3.800(a) motion."); Brooks v. State, 969 So. 2d 238, 243 (Fla. 2007) (holding "for motions filed under rule 3.800(a), . . . if the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless").