DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS DEXTER LEWIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2433

[April 23, 2025]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael Linn, Judge; L.T. Case No. 562010CF001610.

Daniel Tibbitt of Daniel J. Tibbitt, P.A., North Miami, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

In this postconviction appeal, the defendant challenges the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion asserting illegality in his sentences for two separate crimes. We affirm the trial court's denial of relief and write only to explain why we reject the State's concession that the trial court reversibly erred by not granting the defendant postconviction relief from his thirty-five-year sentence, with a twenty-five-year minimum mandatory term pursuant to Florida's 10-20-Life statute, for the second-degree felony of attempted robbery with a deadly weapon. In doing so, we certify conflict with our sister court's decisions in *Ray v. State*, 331 So. 3d 309 (Fla. 5th DCA 2021), and *Perez v. State*, --- So. 3d ----, No. 5D2024-2599, 2025 WL 876855 (Fla. 5th DCA Mar. 21, 2025), insofar as both decisions granted rule 3.800(a) relief from similarly erroneous sentences imposed contrary to the Florida Supreme Court's interpretation of the 10-20-Life statute as set forth in *Hatten v. State*, 203 So. 3d 142 (Fla. 2016).

*Procedural History*

At trial, the jury found that the defendant had actually possessed the firearm which he had used during the commission of the attempted robbery, and had caused great bodily harm to the victim by discharging the firearm while committing the offense. Consistent with the version of the 10-20-Life statute in effect when the defendant had committed the attempted robbery, he was required to "be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)1.c., 3., Fla. Stat. (2009); *see also Mendenhall v. State*, 48 So. 3d 740, 742 (Fla. 2010) (recognizing the trial court's discretion under section 775.087(2)(a)3. "to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082").

But rather than sentence the defendant to the statutorily permissible mandatory minimum sentence of life imprisonment, the trial court instead sentenced the defendant to a term of imprisonment of thirty-five years with a 10-20-Life twenty-five-year minimum mandatory term for his use and discharge of the firearm causing great bodily harm to the victim during the commission of the offense.

Almost ten years after he was sentenced, the defendant sought to correct what he characterized as his "illegal" sentence for the attempted robbery offense. The defendant asserted that his sentence for the attempted robbery was "illegal" because "there was no statutory authority for the additional term of years beyond the selected mandatory minimum of 25 years under the 10-20-Life statute." In making this argument, the defendant specifically relied on the supreme court's decisions in *Mendenhall* and *Hatten*.

As our supreme court recognized in *Hatten, Mendenhall* interpreted section 775.087(2)(a)3. of the 10-20-Life statute as authorizing a trial court to impose a mandatory minimum term of imprisonment of anywhere from twenty-five years to life imprisonment. *See Hatten*, 203 So. 3d at 145 (discussing *Mendenhall*). However, our supreme court clarified in *Hatten* that "if the trial court chooses to impose a sentence beyond the selected mandatory minimum sentence pursuant to the 10-20-Life statute, additional statutory authority is required" for any "term of years beyond the selected mandatory minimum"—which in *Hatten*, as here, was 25 years. *Id.* at 146.

After treating the defendant's motion as if it had been filed pursuant to Florida Rule of Criminal Procedure 3.800(a), the trial court summarily denied the relief sought. The trial court reasoned that the defendant's thirty-five-year sentence for the attempted robbery, with a twenty-five-year minimum mandatory term, was not illegal because he "could have been sentenced" to a mandatory term of imprisonment "not exceeding life in prison."

*Legal Analysis*

We agree with the trial court's reasoning in denying the defendant's challenge to his attempted robbery sentence and affirm on the authority of our supreme court's decision in *Earl v. State*, 314 So. 3d 1253 (Fla. 2021).

In *Earl*, the defendant claimed in a rule 3.800(a) motion that his life sentences as a prison releasee reoffender (PRR) for the crimes of armed robbery with a firearm and kidnapping to facilitate a felony were "illegal because the trial court failed to impose ten-year mandatory minimum sentences pursuant to" the 10-20-Life statute even though "the jury verdict form reflect[ed] a special finding that [the defendant] actually possessed a firearm during the commission of the crime[s]." *Id.* at 1254. The trial court in *Earl* denied rule 3.800(a) relief, "explaining that while the sentencing judge could have imposed the ten-year mandatory minimum sentences, the failure to do so did not render [the defendant's] sentences illegal[.]" *Id.* at 1254-55.

On appeal from the trial court's denial of relief, the First District Court of Appeal dismissed the appeal "because even though the sentencing judge was required to impose ten-year mandatory minimum sentences under the 10-20-Life statute," the defendant in *Earl* "was not entitled to challenge his sentences on that ground because he benefited from the error." *Id.* at 1255.

On discretionary review, our supreme court held that even though the trial court had no discretion "to omit the mandatory minimum terms" required by the 10-20-Life statute, the lack of any prejudice resulting to the defendant from the trial court's error in omitting the minimum mandatory terms meant that the defendant could not "show that the denial of his rule 3.800(a) motion resulted in harm that may be remedied on appeal." *Id.* at 1255-56.

In reaching this result, our supreme court held that even though "the plain language of rule 3.800(a) does not expressly prohibit defendants from

seeking to correct unlawfully lenient sentences," Florida's statutory law makes clear that criminal defendants "are not entitled to such relief under the rule absent a showing of prejudice." *Id.* at 1255. In fact, as our supreme court pointed out in *Earl*, section 924.051(7), Florida Statutes, which has remained unchanged now for over twenty-five years, precludes "[a] conviction or sentence" from being reversed on appeal "absent an express finding that a prejudicial error occurred in the trial court." *Earl*, 314 So. 3d at 1254 (quoting § 924.051(7), Fla. Stat. (2020)).

Here, the trial court was authorized to impose a minimum mandatory term of life imprisonment pursuant to the 10-20-Life statute consistent with the interpretation given to the statute by our supreme court in *Mendenhall*. The trial court's imposition of a more lenient sentence than the 10-20-Life statute authorized for the attempted robbery with a deadly weapon offense does not make the resulting sentence, even if erroneous as a matter of law as discussed in *Hatten*, remediable as an "illegal" sentence under *Earl* because not all sentencing errors are "subject to correction under rule 3.800(a)." *Martinez v. State*, 211 So. 3d 989, 991 (Fla. 2017).

Indeed, rule 3.800(a)(1) allows only for the correction of "an illegal sentence[.]" An "illegal sentence" is "one that no judge under the entire body of sentencing laws could possibly impose." *Martinez*, 211 So. 3d at 991 (quoting *Wright v. State*, 911 So. 2d 81, 83 (Fla. 2005)); *see also, e.g.*, *Hobgood v. State*, 166 So. 3d 840, 844 (Fla. 4th DCA 2015) ("The Florida Supreme Court defines an 'illegal sentence' as 'one that imposes a punishment or penalty that no judge under the entire body of sentencing statutes and laws could impose under any set of factual circumstances." (quoting *State v. Akins*, 69 So. 3d 261, 268-69 (Fla. 2011))).

Thus, "few claims raised under rule 3.800(a) 'come within the illegality contemplated by the rule.'" *Martinez*, 211 So. 3d at 991 (quoting *Wright*, 911 So. 2d at 83). In other words, a defendant "entitled to challenge [a] technical sentencing error on direct appeal" may "not do so in a rule 3.800(a) motion" unless the error is "one involving 'a court's patent lack of authority or jurisdiction, a violation of the sentencing maximums provided by the Legislature, or a violation of some other fundamental right resulting in a person's wrongful imprisonment'" such as "a sentence that has been unconstitutionally enhanced in violation of the double jeopardy clause." *Id.* at 991-92 (quoting *Wright*, 911 So. 2d at 84) (citing *Hopping v. State*, 708 So. 2d 263, 265 (Fla. 1998)); *see also, e.g., Hobgood*, 166 So. 3d at 844 ("This definition [of an 'illegal sentence'] provides that 'if it is possible under all the sentencing statutes—given a specific set of facts—to impose a particular sentence, then the sentence will not be illegal within rule

3.800(a) even though the judge erred in imposing it'" (quoting *Carter v. State*, 786 So. 2d 1173, 1178 (Fla. 2001))).

The defendant's challenged sentence here is more lenient than the trial court was authorized to impose under the 10-20-Life statute. *See Mendenhall*, 48 So. 3d at 742 (holding that "the specific provisions of the 10-20-Life statute with regard to mandatory minimums control over the general provisions of section 775.082 regarding statutory maximums"). Accordingly, the challenged sentence cannot be remedied in a rule 3.800(a) proceeding consistent with our supreme court's decision in *Earl*. *See Coicou v. State*, 359 So. 3d 814, 815 (Fla. 4th DCA 2023) (affirming on the authority of *Earl* the denial of rule 3.800(a) motion challenging "the absence of a mandatory minimum sentence" because the defendant could not establish prejudice resulting from the asserted illegality in that "the relief he sought was a sentence with more onerous terms than the one that he initially received" (quoting *Earl*, 314 So. 3d at 1255-56)); *see also Careaga v. State*, 393 So. 3d 744, 745 (Fla. 4th DCA 2024) (affirming the denial of rule 3.800(a) motion because, under *Earl*, a defendant cannot seek to correct an unlawfully lenient sentence via the rule).

We recognize that in *Garnes v. State*, 382 So. 3d 701, 706 (Fla. 4th DCA 2024), we reversed a defendant's thirty-five-year prison sentence for aggravated battery with a deadly weapon, with a twenty-five-year 10-20-Life mandatory minimum sentence, on grounds that the sentence was "improper" under *Hatten*. But both *Garnes* and *Hatten* were direct appeal cases and not appeals from the denial of rule 3.800(a) motions seeking postconviction sentencing relief as were *Earl, Coicou,* and *Careaga*. *See Hatten*, 203 So. 3d at 143; *Garnes*, 382 So. 3d at 704-05. This distinction is significant because a defendant is not precluded on direct appeal from challenging aspects of his or her sentence that do not result in the sentence being considered "illegal" as that term has been defined in the context of a rule 3.800(a) challenge. *Compare* Fla. R. Crim. P. 3.800(a)(1) (authorizing the correction of "an illegal sentence" "at any time"), *with* Fla. R. Crim. P. 3.800(b) (authorizing the correction of "any sentencing error" either before the direct appeal or while the direct appeal is pending).

We also recognize that our decision here is contrary to the Fifth District Court of Appeal's decisions in both *Ray* and *Perez*, wherein our sister court held—without any discussion of *Earl*—that the parts of the defendants' sentences in those cases which exceeded the 10-20-Life minimum mandatory terms imposed were "illegal" and therefore remediable in a rule 3.800(a) proceeding. *See Ray*, 331 So. 3d at 311 (reversing the denial of rule 3.800(a) relief from the defendant's combined thirty-year sentence, comprised of a 10-20-Life twenty-five-year minimum mandatory term to

be followed by five years' probation, for the second-degree felony of aggravated battery with a firearm because the probationary part of the defendant's sentence was "illegal"); *Perez*, 2025 WL 876855, at *1-2 (reversing the denial of rule 3.800(a) relief from the defendant's thirty-five-year sentence, with a 10-20-Life twenty-five-year minimum mandatory term, for the second-degree felony of aggravated battery with a firearm on grounds that the term of years part of the sentence in excess of the mandatory minimum term was "illegal").

*Conclusion—Certification of Conflict*

We affirm the denial of the defendant's motion because, as the trial court concluded, no prejudice resulted from the challenged sentencing error. In doing so, we certify conflict with the Fifth District Court of Appeal's decisions in both *Ray v. State*, 331 So. 3d 309 (Fla. 5th DCA 2021) and *Perez v. State*, --- So. 3d ----, No. 5D2024-2599, 2025 WL 876855 (Fla. 5th DCA Mar. 21, 2025). However, we note that the Fifth District's decisional law appears internally inconsistent, in that a panel of that court recently affirmed the denial of rule 3.800(a) relief to a defendant, citing *Earl* as authority for the affirmance. *See Brown v. State*, --- So. 3d ----, No. 5D2024-1583, 2025 WL 937443 (Fla. 5th DCA Mar. 28, 2025) (affirming denial of rule 3.800(a) relief where the defendant challenged the legality of his three DUI sentences because the defendant was not aggrieved by the alleged error and therefore, consistent with *Earl*, could not establish prejudicial error on appeal from the denial of his postconviction motion).[1]

*Affirmed; conflict certified.*

DAMOORGIAN J., and ARTAU, J., concur.
WARNER, J., dissents with an opinion.

WARNER, J., dissenting.

Thomas Lewis appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion, which challenged the legality of his sentences for attempted felony murder and attempted robbery with a deadly weapon. Lewis conceded in briefing that his sentence for attempted felony murder was not illegal, and the State conceded that his sentence for attempted robbery with a deadly weapon was illegal. The majority affirms, based

---

[1] We do not certify conflict with the Fifth District's decision in *Wynn v. State*, 277 So. 3d 281 (Fla. 5th DCA 2019), which the dissent discusses, because that decision pre-dated the supreme court's decision in *Earl*.

6

upon *Earl v. State*, 314 So. 3d 1253 (Fla. 2021). Because the sentence is clearly illegal, and I conclude that *Earl* does not apply, I dissent.

In 2010, Lewis was charged with (1) attempted first-degree murder with a firearm, (2) attempted felony murder with a firearm, and (3) attempted robbery with a deadly weapon (firearm). Following a jury trial, Lewis was found guilty of attempted felony murder and attempted robbery with a deadly weapon as charged in the information. For both offenses, the jury made findings that Lewis possessed and discharged a firearm causing great bodily harm, thus satisfying enhancement pursuant to section 775.087, Florida Statutes (2009), the 10-20-Life statute, regarding use of a firearm during the commission of a felony. The trial court sentenced Lewis to thirty-five-years imprisonment with twenty-five-year mandatory-minimum terms for each count to be served concurrently. No direct appeal was taken, and Lewis's petition for belated appeal was dismissed as untimely.

In 2022, Lewis filed the rule 3.800 motion subject to this appeal. Lewis claimed his thirty-five-year sentences were illegal because the sentences exceeded the thirty-year statutory maximum for first-degree felonies. In support, Lewis cited to the Florida Supreme Court's decision in *Hatten v. State*, 203 So. 3d 142 (Fla. 2016). As relief, Lewis requested to be resentenced for both offenses.

The trial court denied relief. Construing Lewis's argument as claiming the thirty-five-year sentences were illegal "because [the sentences] exceed the mandatory maximum in 10-20-Life," the trial court determined Lewis's claim was without merit, and the sentences were legal because Lewis "could have been sentenced to a term not exceeding life in prison." This appeal followed.

We directed the State to show cause why the lower court's order should not be reversed and remanded, and to specifically address the legality of Lewis's thirty-five-year sentence for attempted robbery with a deadly weapon. In its response, the State conceded the lower court erred in denying the motion as to the attempted robbery offense. The State asserted that the case should be remanded for the trial court to resentence Lewis to the lawfully imposed twenty-five-year mandatory-minimum term. Lewis has conceded on appeal that the sentence for attempted felony murder is not illegal.

As the State has properly conceded, the thirty-five-year sentence for attempted robbery with a deadly weapon is illegal. That offense is a second-degree felony punishable by up to fifteen years imprisonment.

7

§ 812.13(2)(a), Fla. Stat. (2009); § 777.04(4)(c), Fla. Stat. (2009); § 775.082(3)(c), Fla. Stat. (2009); *see also White v. State*, 215 So. 3d 132, 133 (Fla. 5th DCA 2017) (quotation marks and citations omitted) ("We note that attempted robbery with a firearm is a second-degree felony for which the maximum punishment is fifteen years in prison."); *Betty v. State*, 7 So. 3d 586, 587 (Fla. 4th DCA 2009) ("[T]his court, and other districts, have consistently ruled that attempted robbery with a deadly weapon is a second degree felony[.]").

The twenty-five-year mandatory-minimum term is not illegal, as the jury found that Lewis had discharged a firearm causing great bodily harm during the attempted robbery. As a result, he was subject to "a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)3., Fla. Stat. (2009). Although this mandatory-minimum term exceeds the fifteen-year maximum under section 775.082 for second-degree felonies, "the trial court has discretion under section 775.087(2)(a)(3) to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082." *Mendenhall v. State*, 48 So. 3d 740, 742 (Fla. 2010).

Because the statutory maximum for the crime without the mandatory minimum is only fifteen years, and the court imposed only a twenty-five-year mandatory minimum, the thirty-five-year sentence is illegal. *See Hatten*, 203 So. 3d at 145-46. In *Hatten*, our supreme court determined a forty-year sentence with a twenty-five-year mandatory-minimum term was impermissible, because it exceeded the thirty-year statutory maximum for the underlying felony. *Id.* The supreme court noted that "[t]here [wa]s no statutory authority for the additional term of years beyond the selected mandatory minimum (of 25 years) under the 10–20–Life statute." *Id.* at 146. The supreme court further explained, "if the trial court chooses to impose a sentence beyond the selected mandatory minimum sentence pursuant to the 10–20–Life statute, additional statutory authority is required." *Id.*

We followed *Hatten* in *Garnes v. State*, 382 So. 3d 701 (Fla. 4th DCA 2024). There the defendant was sentenced on an aggravated battery charge to thirty-six years in prison with a mandatory minimum of twenty-five years, pursuant to 10-20-Life. *Id.* at 706. We wrote:

> Under the 10-20-Life statute, because appellant discharged a firearm causing great bodily harm, appellant was subject to "a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison."

8

§ 775.087(3)(a)(3), Fla. Stat. (2021). In addition to the minimum mandatory sentence, the court may impose "a longer sentence of incarceration as authorized by law . . . ." § 775.087(3)(b), Fla. Stat. (2021). The trial court has discretion to "impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum." *Mendenhall v. State*, 48 So. 3d 740, 742, 750 (Fla. 2010) (finding defendant was "properly sentenced to thirty-five years with a thirty-five-year mandatory minimum, notwithstanding the statutory maximum of thirty years").

**Significantly, in order to exceed the statutory maximum, the entire sentence must be a mandatory minimum**. *Hatten v. State*, 203 So. 3d 142, 145 (Fla. 2016). . . .

Like in *Hatten*, here, appellant's 36-year aggravated battery sentences exceeded the 30-year statutory maximum, and the trial court did not impose its entire sentence pursuant to the 10-20-Life statute. As such, we reverse appellant's 36-year sentences for the aggravated battery convictions and remand for the trial court "to impose a sentence up to thirty years in prison with a mandatory minimum sentence of twenty-five years in prison." *Hill v. State*, 291 So. 3d 1012, 1014 (Fla. 1st DCA 2020).

*Id.* at 706-07 (emphasis supplied).

While both of these cases were on direct appeal from a conviction and sentence, *Hatten* has been applied under rule 3.800(a) to correct similarly illegal sentences. In *Wynn v. State*, 277 So. 3d 281 (Fla. 5th DCA 2019), the defendant had been convicted of aggravated battery with a firearm, with the jury finding that the defendant had discharged a firearm causing great bodily injury. *Id.* at 282. The trial court sentenced the defendant to a term of thirty years on the battery with a mandatory minimum of twenty-five years pursuant to 10-20-Life. *Id.* The trial court denied the defendant's motion to correct an illegal sentence, reasoning—as did the trial court in this case—that because the defendant could have been sentenced to a mandatory minimum of up to life in prison, the sentence was not illegal. *Id.* The Fifth District reversed, concluding "once the trial court imposed the required twenty-five-year mandatory minimum prison sentence, it could not thereafter exceed the fifteen year maximum penalty for the second-degree felony. Thus, that portion of Wynn's sentence that exceeds the required twenty-five-year mandatory minimum remains

9

illegal." *Id.* at 283. The Fifth District remanded to correct the sentence accordingly. *Id.*

The Fifth District also granted a similar rule 3.800(a) motion in *Ray v. State*, 331 So. 3d 309 (Fla. 5th DCA 2021), reversing the addition of probation after the imposition of a twenty-five-year mandatory sentence for a second-degree felony, and remanding for the court to strike the term of probation. *Id.* at 310-11. Just recently, the Fifth District, in *Perez v. State*, No. 5D2024-2599, --- So. 3d ---, 2025 WL 876855 (Fla. 5th DCA Mar. 21, 2025), decided the identical issue:

> In the case before us, but for the 10-20-Life statute, Perez could only have received a maximum sentence of fifteen years in prison based on his second degree felony conviction. § 775.082(3)(d), Fla. Stat. However, Perez's twenty-five-year mandatory minimum sentence for his aggravated battery with a firearm conviction is lawful based on the jury's findings under the 10-20-Life statute. *See* § 775.087(2)(a) 3., Fla. Stat. In this matter, the trial court sentenced Perez to thirty-five years in state prison with a twenty-five year mandatory minimum prison sentence. The trial court could have sentenced Perez to a thirty-five year mandatory minimum sentence, but, under *Hatten*, once the trial court issued the twenty-five year mandatory minimum prison sentence, it could not thereafter exceed the fifteen year maximum penalty for the second-degree felony, i.e., the thirty-five year prison sentence, without further statutory authority. Thus, the portion of Perez's sentence that exceeds the required twenty-five-year mandatory minimum is illegal. *See Wynn v. State*, 277 So. 3d 281 (Fla. 5th DCA 2019); *Wooden v. State*, 42 So. 3d 837 (Fla. 5th DCA 2010).

*Id.* at *2.

Based upon *Hatten, Garnes, Wynn, Ray,* and *Perez*, that portion of Lewis's sentence which exceeds the mandatory minimum imposed pursuant to 10-20-Life is illegal, and based on *Wynn, Ray,* and *Perez*, it is the proper subject of a rule 3.800 motion. After imposing a twenty-five-year mandatory minimum which was a legal sentence, no statutory authority permitted a sentence beyond that, as the general statutory maximum was fifteen years. Thus, Lewis's sentence should be limited to the twenty-five-year mandatory minimum imposed by the trial court and corrected based on his rule 3.800 motion. I disagree with the majority that

the entire sentence is illegal such that the court could resentence him to a greater sentence.

The majority cites to *Earl* to avoid the illegality of Lewis's sentence. In my opinion, the majority extends *Earl* beyond its holding. *Earl* does not purport to apply to a rule 3.800 challenge where the sentencing relief would benefit the defendant, as in this case.

In *Earl*, the defendant was convicted of one count of armed robbery with a firearm and one count of kidnapping to facilitate a felony. 314 So. 3d at 1254. His jury also found that he had possessed a firearm. *Id.* The trial court imposed mandatory life sentences on both counts as a prison releasee reoffender. *Id.* at 1254. Eight years later, the defendant filed a motion to correct an illegal sentence pursuant to rule 3.800(a), claiming that both life sentences were illegal because the trial court had failed to include a mandatory minimum ten-year sentence based upon the jury's finding that he possessed a firearm. *Id.* The trial court denied relief, and the appellate court dismissed the resulting appeal, concluding that the defendant was not entitled to resentencing where he actually *benefitted* from the trial court's error. *Id.* at 1254-55.

In considering the case, our supreme court phrased the question before it as "whether relief as contemplated by rule 3.800(a) may include the imposition of *harsher* sentences at a defendant's request." *Id.* at 1255. The supreme court noted, "[t]hough the plain language of rule 3.800(a) does not expressly prohibit defendants from seeking to correct unlawfully lenient sentences, we note that defendants are not entitled to such relief under the rule absent a showing of prejudice." *Id.* at 1255. The supreme court cited section 924.051(3), Florida Statutes (2020), which provides: "An appeal may not be taken from a judgment or order of a trial court unless prejudicial error is alleged and is properly preserved . . . . A judgment or sentence may be reversed on appeal only when an appellate court determines . . . that prejudicial error occurred . . . ." *Id.* Thus, while the trial court did not have discretion to omit the 10-20-Life mandatory minimum, Earl was not prejudiced as his sentence would have been more "*onerous* . . . than the one that he initially received" had the trial court properly sentenced him. *Id.* (emphasis supplied).

Contrast *Earl* with this case, where Lewis's sentence exceeded the legal 10-20-Life mandatory minimum of twenty-five years by ten years. Lewis is not asking to impose an additional sentence, but rather to have his sentence reduced. That is the relief which we ordered in *Garnes*, as did the Fifth District in *Wynn* and *Perez*. That relief would benefit Lewis by

11

shortening his sentence for attempted armed robbery by ten years. Thus, *Earl* does not apply.

The proposition that Lewis "could have" been sentenced to a longer prison term pursuant to the 10-20-Life mandatories also does not apply to this case, as what sentence the trial court could have imposed does not make the actual sentence imposed legal or the error harmless. *Wynn* explains that once the trial court imposed the legal twenty-five-year mandatory minimum, it could not change that sentence and increase it. 277 So. 3d at 283.

While the supreme court has applied "could have" criteria to deny rule 3.800(a) relief to a claim of an incorrect scoresheet, in that case a correction would have resulted in the same sentence. *Brooks v. State*, 969 So. 2d 238, 243 (Fla. 2007) (emphasis supplied) ("[I]f the trial court could have imposed the **same sentence** using a correct scoresheet, any error was harmless."). *Brooks* supports the conclusion that the supreme court would permit a Rule 3.800(a) claim where the corrected error could *not* have resulted in the same sentence. Correcting Lewis's sentence could not result in the same sentence, because the sentence is illegal.

In conclusion, that portion of Lewis's sentence for attempted robbery with a firearm which exceeds the legally imposed twenty-five-year mandatory minimum imposed pursuant to 10-20-Life is illegal. Affirmance is contrary to *Hatten*, *Garnes*, *Wynn*, *Ray*, and *Perez*. The majority's reliance on *Earl* for the proposition that Lewis cannot show sufficient prejudice to warrant relief does not comport with the facts, because the relief Lewis requests, and the State concedes, is a reduction of his sentence by ten years.

The majority has certified conflict with the foregoing cases. This case may also involve a question of great public importance, as the application of *Earl* to these circumstances will affect the resolution of a significant number of rule 3.800(a) motions. Until the supreme court decides the issue to the contrary, I believe we are bound by the prior caselaw. I would reverse.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

12