915 So.2d 1245 (2005)
Devon P. STOUTE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2936.
District Court of Appeal of Florida, Fourth District.
December 21, 2005.
*1246 Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his thirty-year sentence with a ten-year minimum mandatory for conviction of attempted second degree murder with a firearm. He suggests the court erred in enhancing his sentence based upon the firearm because the court's instructions to the jury made possession of a firearm an element of the crime. We disagree and affirm.
The State charged the defendant with attempted first degree murder, a first degree felony. The trial court instructed the jury on the lesser-included offenses as follows:
Before you can find the defendant guilty of attempted second degree murder with a firearm, the State must prove the following three elements beyond a reasonable doubt.
Number one, the defendant intentionally committed an act which would have resulted in the death of Collin Smith, except that someone prevented the defendant from killing Collin Smith or he failed to do so.
Number two, the act was eminently dangerous to another and demonstrating a depraved mind without regard for human life.

*1247 And, number three, the defendant possessed a firearm, during the commission of the crime.
The defendant did not object to the instruction. The jury found the defendant guilty of attempted second degree murder with a firearm.
The trial court initially sentenced the defendant as a habitual offender to life in prison. After a successful appeal to this court, and upon remand, the trial court determined the defendant was not a habitual offender and re-sentencing was required. See Stoute v. State, 802 So.2d 408 (Fla. 4th DCA 2001).
The trial court conducted two hearings prior to re-sentencing the defendant. The defendant maintained the trial court had made possession of a firearm an element of the crime through its instructions to the jury, thereby preventing the court from reclassifying the conviction of a second degree felony to a first degree felony due to possession of a firearm under section 775.087(1), Florida Statutes (1999). Because the sentencing court had not tried the case, it reviewed the record and independently researched the issue. The sentencing court concluded the conviction "is a first degree felony punishable up to 30 years in prison with an applicable 10 year minimum mandatory Florida State Prison sentence under the 10-20-Life," and sentenced the defendant accordingly.
"The legality of a sentence is a question of law and is subject to de novo review." Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005).
The defendant was convicted of attempted second degree murder with a firearm. Section 782.04(2), Florida Statutes (1999), defines second degree murder as
[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree and constitutes a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
The statute does not include the use of a firearm as an essential element of the crime. See State v. Tinsley, 683 So.2d 1089, 1090 (Fla. 5th DCA 1996).
Section 775.087(1), Florida Statutes (1999) provides:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows: ...
(b) In the case of a felony of the second degree, to a felony of the first degree.
(Emphasis added).
When, as in this case, the conviction is for an attempted crime and involves the use of a firearm, then the court should sequentially: (1) reduce the classification of the underlying crime due to the "attempt"; then, (2) apply the weapon enhancement to increase the classification. Goutier v. State, 692 So.2d 978, 978 (Fla. 2d DCA 1997). Following that procedure in this case required the trial court to drop the level of the defendant's conviction due to the "attempt" from a first degree felony to a second degree felony. Then, the court *1248 could reclassify the conviction for the defendant's use of the firearm.
The defendant relies on cases involving aggravated battery charges to support his position that possession of a firearm was an essential element of the crime. See, e.g., Lareau v. State, 573 So.2d 813, 815 (Fla.1991); Legg v. State, 742 So.2d 826 (Fla. 2d DCA 1999); McNeal v. State, 653 So.2d 1122 (Fla. 1st DCA 1995); Brown v. State, 583 So.2d 742 (Fla. 1st DCA 1991). Unfortunately for the defendant, those cases do not support his position.
Aggravated battery is an alternative conduct crime. Pursuant to the statute, the State can either prove the defendant "[i]ntentionally or knowingly cause[d] great bodily harm, permanent disability, or permanent disfigurement" or "[u]se[d] a deadly weapon" when he committed the battery. § 784.045(1)(a), Fla. Stat. (1999). When the defendant is charged with inflicting great bodily harm without the use of a deadly weapon, the court can reclassify the crime, but when the battery involves the use of a deadly weapon and is so charged, the court cannot reclassify because the statute makes the weapon an essential element of the crime. Lareau, 573 So.2d at 815.
Unlike aggravated battery, second degree murder does not require the use of a weapon or firearm. Compare § 782.04(2), Florida Statutes (1999) (second degree murder) with § 784.045, Florida Statutes (1999) (aggravated battery). However, to be permitted to enhance the defendant's sentence due to the use of a firearm, the court was required to have the jury make that factual finding. See Tucker v. State, 726 So.2d 768, 770-72 (Fla.1999). Ideally, the court can provide the jury with an interrogatory concerning the use of the firearm on the verdict form, but reclassification can be sustained if the verdict includes "a reference to a firearm in identifying the specific crime for which the defendant is found guilty." Id. at 772. That occurred in this case without making possession of a firearm an element of the crime. Thus, the trial court properly reclassified the crime for sentencing purposes.
Affirmed.
STEVENSON, C.J., and WARNER J., concur.