PER CURIAM.
Appellant appeals the denial of his Motion to Correct Illegal Sentence filed pursuant to rule 3.8Ó0, Florida Rules of Criminal Procedure. Appellant was convicted of aggravated battery, and the jury found that he used a firearm to inflict great bodily injury on the victim. The offense was enhanced from a second-degree felony to a first-degree felony based on the use of the firearm, pursuant to section 775.087, Florida Statutes (2006) (the 10/20/Life statute). Appellant was sentenced to thirty years in prison with a twenty-five year minimum mandatory sentence. He was also sentenced to a consecutive period of ten years of probation. ,
Appellant argues that once the trial court imposed the minimum mandatory sentence of twenty-five years under section 775.087, the total sentence could not exceed thirty years, which is the statutory maximum sentence for first-degree felonies under section 775.082(3)(b), Florida Statutes (2006). Appellant, therefore, contends that the probationary sentence should be stricken. Appellant is correct, and the State concedes the sentencing error, acknowledging that the probationary term should be stricken. See Wooden v. State, 42 So.3d 837 (Fla. 5th DCA 2010) (holding that after the trial court reclassified the second-degree felony to a first-degree felony based on the use of a firearm and imposed the minimum mandatory sentence of twenty-five years under section 775.087, it was improper to impose a sentence that exceeded the thirty-year statutory maximum penalty for first-degree felonies under section 775.082(3)(b)), review denied, 51 So.3d 466 (Fla.2010); Brown v. State, 983 So.2d 706 (Fla. 5th DCA 2008) (holding that after defendant’s second-degree felony was reclassified to a first-degree felony and a twenty-five year minimum mandatory sentence imposed pursuant to section 775.087, defendant could not receive a sentence exceeding the thirty-year statutory maximum for first-degree felonies). We, therefore, reverse the order denying Appellant’s motion and remand this case with instructions to the trial court to strike the probationary term from the sentence.
REVERSED and REMANDED with instructions.
SAWAYA, ORFINGER, and EVANDER, JJ., concur.