ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
We grant Appellant’s motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place in order to *850 clarify our disposition of Appellant’s fourth issue. We deny Appellant’s motion for rehearing en banc.
In this direct appeal, Appellant seeks review of his judgment and sentence for manslaughter (count I), attempted second degree murder (count III), and possession of a firearm by a convicted felon (count V). He raises five issues: (1) the trial court erred in denying his motion for judgment of acquittal on count III; (2) the jury instructions for justifiable use of deadly force were fundamentally erroneous; (8) the statute upon which count V was based is unconstitutionally vague; (4) his 40-year sentence with a 25-year mandatory minimum term for count III is illegal because the 40fyear term exceeds the 30-year statutory maximum for a first-degree felony;[1] and (5) the trial court erred in imposing several costs. The latter two issues were preserved by a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
We affirm the first and second issues without comment. We affirm the third issue based upon Weeks v. State, 146 So.3d 81 (Fla. 1st DCA 2014), and Kraay v. State, 148 So.3d 789 (Fla. 1st DCA 2014).
We affirm the fourth issue based upon Kelly v. State, 137 So.3d 2, 6-7 (Fla. 1st DCA 2014), wherein this court held that “circuit courts in the First District may, pursuant to [the 10-20-Life statute], impose a sentence in addition to its selected mandatory minimum sentence without regard to whether additional statutory authority for such an additional sentence exists.” And, as we did in Kelly, we certify conflict with Wiley v. State, 125 So.3d 235 (Fla. 4th DCA 2013), to the extent that case held that a trial court may not impose a sentence in excess of the mandatory minimum term imposed under the 10-20-Life statute unless such a sentence is authorized by some other statute. We also certify conflict with decisions from the Second,[2] Fourth,[3] and Fifth[4] Districts which held that the trial court may not impose a sentence in excess of 30 years for a first-degree felony under the 10-20-Life statute when the court imposes a mandatory minimum term of less than 30 years.
With respect to the fifth issue, we remand for correction of the following minor sentencing errors: imposition of a $230 cost pursuant to section 938.05(l)(a), Florida Statutes, when the statutory maximum is $225; imposition of a $415 cost pursuant *851 to section 775.083(2), Florida Statutes, when the statutory maximum is $50; and imposition of the $100 cost of prosecution without citing the statutory basis for the cost. We recognize that, during the pen-dency of this appeal, the trial court entered a corrected judgment to correct these sentencing errors; however, that judgment is a legal nullity because it was filed more than 60 days after Appellant filed his rule 3.800(b)(2) motion. See Fla. R. Crim. P. 3.800(b)(1)(B); Ogden v. State, 117 So.3d 479 (Fla. 1st DCA 2013). We see no reason that the trial court could,not simply reenter the corrected judgment on remand. Appellant need not be present.
AFFIRMED and REMANDED with directions; CONFLICT CERTIFIED.
VAN NORTWICK, WETHERELL, and MAKAR, JJ., concur.

. The offense charged in Count III, attempted second-degree murder, is a second-degree felony, but it was enhanced to a first-degree felony in this case because Appellant used a firearm during the commission of the offense. See §§ 775.087(l)(b), 777.04(4)(c), 782.04(2), Fla. Stat.

. Martinez v. State, 114 So.3d 1119, 1120 (Fla. 2d DCA 2013); Sheppard v. State, 113 So.3d 148, 149 (Fla. 2d DCA 2013); Prater v. State, 113 So.3d 147, 147-48 (Fla. 2d DCA 2013).

. Levine v. State, - So.3d -, 2014 WL 5149098 (Fla. 4th DCA Oct. 15, 2014) (reversing 50-year sentence for attempted second-degree murder where trial court only imposed a 25-year minimum mandatory term under the 10-20-Life statute and certifying conflict with Kelly)', see also Antoine v. State, 138 So.3d 1064, 1078 (Fla. 4th DCA 2014); Walden v. State, 121 So.3d 660, 661 (Fla. 4th DCA 2013).

.Wooden v. State, 42 So.3d 837, 837 (Fla. 5th DCA 2010) ("[0]nce the trial court imposed the minimum mandatory sentence of twenty-five years, it could not exceed the thirty year maximum penalty for a first degree felony under section 775.082(3)(b). The twenty-five year to life minimum mandatory range under section 775.087(2)(a)(3) does not create a new statutory maximum penalty of life imprisonment.”) (citation omitted); see also Roberts v. State, 2013 WL 6687751 (Fla. 5th DCA Dec.20, 2013); McLeod v. State, 52 So.3d 784, 786 (Fla. 5th DCA 2010).