# Supreme Court of Florida

_____

No. SC15-22
_____

**CORTEZ HATTEN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[August 25, 2016]

POLSTON, J.

We review the decision of the First District Court of Appeal in Hatten v. State, 152 So. 3d 849 (Fla. 1st DCA 2014), in which the First District certified conflict with decisions of the Second, Fourth, and Fifth Districts.[1] For the reasons expressed below, we quash the First District's decision in Hatten and approve the decisions in the conflict cases.

---

1. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

## I. BACKGROUND

Hatten was charged by amended information with five counts:  count I, murder in the second degree of Kenneth Moran; count II, attempted second-degree murder of Ja'Tavrious McCray; count III, attempted second-degree murder of Anthony Chavers, Jr.; count IV, aggravated assault with a firearm of Reshard Jackson; and count V, possession of a firearm by a convicted felon.  After trial, the jury returned a verdict of guilty of the lesser crime of manslaughter as to count I; not guilty as to count II; guilty as charged as to count III, with a special finding that Hatten "actually possessed and discharged a firearm and caused death or great bodily harm;" not guilty as to count IV; and guilty as charged as to count V.  As it appears on the judgment and sentence, the trial court sentenced Hatten to the following for count III:

> To Be Imprisoned (Check one; unmarked sections are inapplicable):
>
> _____  For a term of natural life.
> __X__  For a term of _____40_____ ~~months~~ / years.  (25 yr. min. mand.)
> _____  Said SENTENCE SUSPENDED for a period of _____
> subject to the conditions set forth in this order.

Hatten filed an amended motion to correct sentencing errors pursuant to rule 3.800(b)(2), and argued, among other things, that as to count III, the court erred "by imposing an illegal 40-year prison sentence with a 25-year mandatory minimum term for a second degree felony."  On appeal, in its clarified opinion, the

First District explained that Hatten argued that "his 40-year sentence with a 25-year mandatory minimum term for count III is illegal because the 40-year term exceeds the 30-year statutory maximum for a first-degree felony." Hatten, 152 So. 3d at 850. The First District's opinion continues:

> We affirm [this] issue based upon Kelly v. State, 137 So. 3d 2, 6-7 (Fla. 1st DCA 2014), wherein this court held that "circuit courts in the First District may, pursuant to [the 10-20-Life statute], impose a sentence in addition to its selected mandatory minimum sentence without regard to whether additional statutory authority for such an additional sentence exists." And, as we did in Kelly, we certify conflict with Wiley v. State, 125 So. 3d 235 (Fla. 4th DCA 2013), to the extent that case held that a trial court may not impose a sentence in excess of the mandatory minimum term imposed under the 10-20-Life statute unless such a sentence is authorized by some other statute. We also certify conflict with decisions from the Second,[N.2] Fourth,[N.3] and Fifth[N.4] Districts which held that the trial court may not impose a sentence in excess of 30 years for a first-degree felony under the 10-20-Life statute when the court imposes a mandatory minimum term of less than 30 years.
>
> > [N.2] Martinez v. State, 114 So. 3d 1119, 1120 (Fla. 2d DCA 2013); Sheppard v. State, 113 So. 3d 148, 149 (Fla. 2d DCA 2013); Prater v. State, 113 So. 3d 147, 147-48 (Fla. 2d DCA 2013).
> >
> > [N.3] Levine v. State, [162 So. 3d 106 (Fla. 4th DCA 2014)] (reversing 50-year sentence for attempted second-degree murder where trial court only imposed a 25-year minimum mandatory term under the 10-20-Life statute and certifying conflict with Kelly); see also Antoine v. State, 138 So. 3d 1064, 1078 (Fla. 4th DCA 2014); Walden v. State, 121 So. 3d 660, 661 (Fla. 4th DCA 2013).
> >
> > [N.4] Wooden v. State, 42 So. 3d 837, 837 (Fla. 5th DCA 2010) ("[O]nce the trial court imposed the minimum mandatory sentence of twenty-five years, it

could not exceed the thirty year maximum penalty for a first degree felony under section 775.082(3)(b). The twenty-five year to life minimum mandatory range under section 775.087(2)(a)(3) does not create a new statutory maximum penalty of life imprisonment.") (citation omitted); see also Roberts v. State, [158 So. 3d 618 (Fla. 5th DCA 2013)]; McLeod v. State, 52 So. 3d 784, 786 (Fla. 5th DCA 2010).

Id.

## II. ANALYSIS

Hatten argues that the trial court erred as a matter of law by sentencing him for count III (attempted second-degree murder) to 40 years with a 25-year mandatory minimum pursuant to section 775.087(2), the 10-20-Life statute. We agree.

Questions of statutory interpretation are reviewed de novo. See Mendenhall v. State, 48 So. 3d 740, 747 (Fla. 2010). "A court's purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction." Id. (quoting Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008)). The court must begin with the " 'actual language used in the statute'. . . because legislative intent is determined primarily from the statute's text." Id. at 747-48 (quoting Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 198 (Fla. 2007)). "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning . . . the statute must be given its plain and obvious meaning."

Id. at 748 (quoting Velez v. Miami-Dade Cty. Police Dep't, 934 So. 2d 1162, 1164 (Fla. 2006)).

"Section 775.087, Florida Statutes, commonly referred to as the 10-20-Life statute, provides for mandatory minimum sentences for offenders who possess or use a firearm in some manner during the commission of certain crimes." Id. at 746. And "[t]he mandatory minimum sentences differ depending on whether the defendant possessed the firearm, discharged the firearm, or discharged the firearm and inflicted death or great bodily harm." Id. In the situation where the defendant discharged a firearm and inflicted death or great bodily harm, the 10-20-Life statute provides the following:

> Any person who is convicted of a felony or an attempt to commit a felony listed in sub-subparagraphs (a)1.a.-q., regardless of whether the use of a weapon is an element of the felony, and during the course of the commission of the felony such person discharged a "firearm" or "destructive device" as defined in s. 790.001 and, as the result of the discharge, death or great bodily harm was inflicted upon any person, the convicted person shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison.

§ 775.087(2)(a)3., Fla. Stat. (emphasis added).

Paragraph 775.087(2)(b), provides that these mandatory minimum sentences do not prevent a court from imposing a longer sentence as authorized by law:

> Subparagraph (a)1., subparagraph (a)2., or subparagraph (a)3. does not prevent a court from imposing a longer sentence of incarceration as authorized by law in addition to the minimum mandatory sentence, or from imposing a sentence of death pursuant to

other applicable law. Subparagraph (a)1., subparagraph (a)2., or subparagraph (a)3. does not authorize a court to impose a lesser sentence than otherwise required by law.

§ 775.087(2)(b), Fla. Stat. Additionally, the same paragraph states that the defendant is not eligible for gain-time or early release prior to serving the mandatory minimum sentence imposed pursuant to the 10-20-Life statute:

Notwithstanding s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, and the defendant is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency, or conditional medical release under s. 947.149, prior to serving the minimum sentence.

Id.

But for the 10-20-Life statute, section 775.082, Florida Statutes, provides the statutory maximums for the crimes involved in this case. Specifically, for count III in this case, the statutory maximum sentence for a first-degree felony[2] is 30 years. § 775.082(3)(b), Fla. Stat. This Court in Mendenhall, 48 So. 3d at 742, clarified the issue of "whether the mandatory minimum terms of twenty-five years to life provide the trial judge with discretion to impose a mandatory minimum of twenty-five years to life without regard to the statutory maximum for the crime contained in section 775.082, Florida Statutes (2004)." And this Court expressly

---

2. The offense was reclassified as a first-degree felony under section 775.087(1)(b), Florida Statutes, because the jury found that Hatten actually possessed and discharged a firearm during the commission of the felony inflicting death upon the victim.

- 6 -

"conclude[d] that the trial court has discretion under section 775.087(2)(a)(3) to impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum provided for in section 775.082." Id.

As to count III, which is at issue in this case, the information, jury verdict, judgment, and sentence demonstrate that Hatten was charged with and found guilty of attempted second-degree murder, a felony that is listed in sub-subparagraphs (a)1.a.-q. See § 777.04(4)(c), Fla. Stat.; § 782.04(2), Fla. Stat.; § 775.087(2)(a)1.a., Fla. Stat. And during the course of the commission of the felony, the jury found that Hatten actually possessed and discharged a firearm and caused death or great bodily harm. Accordingly, the trial court had the discretion pursuant to section 775.087(2)(a)3. to impose a mandatory minimum sentence anywhere within the range of 25 years to life for count III even if the selected mandatory minimum exceeds the statutory maximum absent the 10-20-Life statute.

In this case, the trial court imposed a total sentence of 40 years' imprisonment for count III, with a 25-year mandatory minimum sentence. The trial court did not impose its entire sentence pursuant to the 10-20-Life statute. A sentence imposed pursuant to the 10-20-Life statute is a mandatory minimum sentence that is not eligible for gain-time or early release. See § 775.087(2)(b), Fla. Stat.

Notably, the trial court could have imposed the total 40-year sentence as a mandatory minimum sentence pursuant to the 10-20-Life statute, even though it would exceed the 30-year maximum under the general sentencing statute, pursuant to Mendenhall. However, the sentence imposed was the following: "For a term of 40 years (25 yr. min. mand.)." There is no statutory authority for the additional term of years beyond the selected mandatory minimum (of 25 years) under the 10-20-Life statute. Although this Court in Mendenhall clarified that the 10-20-Life statute prevails over the general sentencing maximums, if the trial court chooses to impose a sentence beyond the selected mandatory minimum sentence pursuant to the 10-20-Life statute, additional statutory authority is required.

## III. CONCLUSION

For the reasons expressed above, we quash the First District's decision in Hatten and remand for resentencing.[3] We also approve the holding of the Fourth District in Wiley certified to be in conflict by the First District in Hatten, as well as the holdings certified to be in conflict from the Second, Fourth, and Fifth Districts.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and PERRY, JJ., concur.

---

3. Hatten did not specifically brief here what the appropriate sentence should be.

- 8 -

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D12-5504

(Gadsden County)

Jeffrey Edward Lewis, Criminal Conflict and Civil Regional Counsel, Pensacola, Florida; and Melissa Joy Ford, Assistant Regional Conflict Counsel, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, and Angela Renee Hensel, Assistant Attorney General, Tallahassee, Florida,

for Respondent