PER CURIAM.
Appellant raises four issues on appeal. We affirm, without further comment, the trial court’s denial of Appellant’s ineffective assistance of counsel claims (Claims 1-3) raised pursuant to rule 3.850. With regard to Claim 4, we agree that a sentencing error has occurred. Appellant was convicted of aggravated battery with great bodily harm and with a firearm, among other charges. The aggravated battery charge was reclassified to a first-degree felony, and at sentencing, Appellant received a life sentence with a twenty-five year minimum mandatory term. Appellant challenges this portion of his sentence. The trial court relied upon this Court’s opinion in Hatten v. State, 152 So.3d 849 *463 (Fla. 1st DCA 2014), as authority for the sentencing decision. Subsequently, the Florida Supreme Court quashed the opinion. In Hatten v. State, — So.3d -, 2016 WL 4493557, 41 Fla. L. Weekly S352 (Fla.2016), the supreme court declared that where the 10-20-Life statute is implicated, a sentencing judge may impose a mandatory minimum sentence in excess of the statutory maximum sentence, “even if the selected mandatory minimum exceeds the statutory maximum absent the 10-20-Life statute.” Id. at -, at *3. However, “if the trial court chooses to impose a sentence beyond the selected mandatory minimum sentence pursuant to the 10-20-Life statute, additional statutory authority is required.” Id. at -, at *4. Here, the trial court did not articulate any additional statutory authority for the life sentence. Accordingly, we affirm Appellant’s conviction, but reverse and remand for resen-tencing consistent with the Florida Supreme Court’s ruling in Hatten.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
MAKAR, JAY, and M.K. THOMAS, JJ„ concur.