PER CURIAM.
The appellant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant was convicted of several crimes, including attempted second degree murder with a firearm, a first degree felony. See §§ 775.087(1)(b), 777.04(4)(c), 782.04(2), Fla. Stat. (2007). For that crime he was sentenced to 35 years in prison to be followed by 15 years on probation, with a 25-year minimum mandatory imposed pursuant to the 10-20-Life statute, section 775.087(2)(a)3., Florida Statutes (2007), for discharging a firearm which caused great *1161 bodily harm. The appellant challenges that sentence on the basis of Hatten v. State, 203 So.3d 142 (Fla. 2016). In Hatten, the supreme court declared that where the 10-20-Life statute is implicated, a sentencing judge may impose a mandatory minimum sentence in excess of the statutory maximum sentence, “even if the selected mandatory minimum exceeds the statutory maximum absent the 10-20-Life statute.” Id. at 145. However, “if the trial court chooses to impose a sentence beyond the selected mandatory minimum sentence pursuant to the 10-20-Life statute, additional statutory authority is required.” Id. at 146. Here, the appellant’s 50-year total sentence was not imposed pursuant to section 775.087(2), and there does not appear to be any additional statutory authority to support a sentence beyond the statutory maximum of 30 years. § 775.082(3)(b), Fla. Stat. (2007). Accordingly, we reverse the denial of the appellant’s motion and remand for resentencing consistent with the Florida Supreme Court’s ruling in Hatten.
REVERSED and REMANDED with directions.
ROWE, MAKAR, and JAY, JJ. CONCUR.