# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3165
_____

SAMUEL BYRD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

February 28, 2018

PER CURIAM.

Appellant challenges the denial of his Motion to Correct Illegal Sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The State concedes error. For the reasons provided below, we reverse and remand for resentencing.

Appellant was convicted of attempted second-degree murder with a firearm (Count I), a first-degree felony punishable by up to thirty years in prison.* §§ 775.082(3)(b), 777.04(4)(c), 782.04(2), 775.087(1), Fla. Stat. (2011). He was sentenced to life in prison with a twenty-five year mandatory minimum term pursuant to

_____

* Appellant was also convicted of armed robbery and sentenced to life in prison for that crime. That sentence is not affected by this opinion.

section 775.087(2), Florida Statutes (2011), commonly referred to as the 10-20-Life statute. The jury made a specific finding that Appellant discharged a firearm which caused great bodily harm.

The trial court had the discretion, pursuant to section 775.087(2)(a)3., to impose a mandatory minimum sentence anywhere within the range of twenty-five years to life for Count I, even if the selected mandatory minimum exceeded the general statutory maximum (thirty years for attempted second-degree murder). *Hatten v. State*, 203 So. 3d 142, 145 (Fla. 2016). However, "if the trial court chooses to impose a sentence beyond the selected mandatory minimum pursuant to the 10-20-Life statute, additional statutory authority is required." *Id*. at 146. Here, Appellant's life sentence was not imposed pursuant to section 775.087(2), and there does not appear to be any additional statutory authority to support a sentence beyond the statutory maximum of thirty years. § 775.082(3)(b), Fla. Stat.

Accordingly, we reverse and remand for resentencing consistent with the Florida Supreme Court's ruling in *Hatten*.

REVERSED AND REMANDED with directions.

ROBERTS, KELSEY, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Samuel Byrd, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.

2