DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIC L. WILEY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-587

[August 14, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer, Judge; L.T. Case No. 43-2008CF000073.

Eric L. Wiley, Lake City, pro se.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Eric Wiley appeals an order denying his rule 3.800(a) motion to correct an illegal sentence and prohibiting him from pro se filing. We reverse both portions of the order and remand for resentencing.

Wiley was convicted of third-degree murder predicated on the underlying felonies of aggravated assault with a deadly weapon and aggravated battery with a deadly weapon. The jury found that Wiley carried and discharged a firearm during the commission of the offense, resulting in the death of the victim. The court sentenced Wiley to life in prison as a habitual felony offender pursuant to section 775.084(4)(a)1., Florida Statutes (2007). It also imposed a twenty-five-year mandatory minimum under section 775.087(2)(a)3., Florida Statutes (2007), (the "10/20/life" statute).

On direct appeal, Wiley argued that the court could not impose both a twenty-five-year mandatory minimum and a life sentence under section 775.087(2)(a)3. This court affirmed, holding that Wiley's life sentence was authorized under the habitual felony offender statute because his

conviction was reclassified from a second-degree felony to a first-degree felony under section 775.087(1)(b), Florida Statutes (2007). *Wiley*, 125 So. 3d at 240-41; *see also Hatten v. State*, 203 So. 3d 142 (Fla. 2016) (approving the holding in *Wiley* that a court cannot impose a sentence beyond the mandatory minimum term imposed under the 10/20/life statute unless the sentence is authorized by another statute).

In this rule 3.800(a) motion, Wiley argued for the first time that his conviction should not have been reclassified under section 775.087(1) because the use of a weapon was an essential element of the offense. The trial court denied the motion and prohibited Wiley from any further pro se filing. This appeal followed.

We agree with Wiley that his third-degree murder conviction should not have been reclassified from a second-degree felony to a first-degree felony under section 775.087(1). Because the conviction was predicated on the underlying felonies of aggravated assault with a deadly weapon and aggravated battery with a deadly weapon, the use of a weapon was an essential element of the offense and, as a result, the offense was not subject to reclassification. *Gonzalez v. State*, 585 So. 2d 932 (Fla. 1991) (holding that a third-degree murder conviction based on an underlying felony of aggravated battery with a deadly weapon was not subject to reclassification under section 775.087(1) because the use of a weapon was an essential element of the offense); *see also Traylor v. State*, 785 So. 2d 1179, 1181-82 (Fla. 2000) (recognizing that the essential elements of a felony murder charge include the elements of the underlying felony).

Because Wiley's third-degree murder conviction was not properly reclassified to a first-degree felony under section 775.087(1), his life sentence was not authorized under the habitual felony offender statute. The maximum sentence for a second-degree felony under the habitual felony offender statute is thirty years in prison. § 775.084(4)(a)2. Under *Hatten*, the court had discretion to impose a mandatory minimum term anywhere between twenty-five years and life under section 775.087(2)(a)3., but once it determined that a twenty-five-year mandatory minimum term was appropriate, the maximum sentence it could have imposed beyond that term was thirty years as a habitual felony offender. *See Hatten*, 203 So. 3d at 145-46 (discussing *Mendenhall v. State*, 48 So. 3d 740 (Fla. 2010)).

Accordingly, we reverse the denial of Wiley's rule 3.800(a) motion and remand for resentencing consistent with this opinion. We also reverse the order prohibiting Wiley from any further pro se filing because, as the State concedes, the court failed to give Wiley notice and an opportunity to

respond as required by *State v. Spencer,* 751 So. 2d 47 (Fla. 1999). *See, e.g., Stokes v. State,* 50 So. 3d 1234 (Fla. 4th DCA 2011); *Epps v. State,* 941 So. 2d 1206 (Fla. 4th DCA 2006).

*Reversed and remanded.*

GROSS, TAYLOR and CIKLIN, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***