DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LATEEF GARNES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2021-3219

[February 28, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 14-14798CF10A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his convictions for two counts of aggravated battery with a deadly weapon and one count of aggravated assault with a deadly weapon, raising five issues: (1) the trial court erred in allowing the state to call appellant's sister as a witness, allegedly for the sole purpose of impeachment, (2) the trial court erred in allowing a detective to testify to statements that were allegedly hearsay, (3) the trial court fundamentally erred in not conducting a competency hearing, (4) appellant was entitled to a twelve-person jury, and (5) the trial court erred in denying appellant's motion to correct sentence. We affirm on the first four issues without further comment. As to issue 5, we affirm in part and reverse in part the denial of appellant's motion to correct sentence.

Appellant raises five sub-issues regarding his motion to correct sentence. We affirm the first sub-issue and reverse on the remaining four sub-issues. First, we find the trial court properly reclassified the aggravated battery convictions to first-degree felonies, because firearm possession was not an essential element of the crime. Second, we reverse appellant's sentences of 36 years for the aggravated battery convictions

because they exceed the statutory maximum of 30 years. Third, we reverse appellant's sentence of 36 years with a 20-year mandatory minimum for aggravated assault, because aggravated assault is no longer subject to a mandatory minimum sentence under section 775.087, and the sentence exceeds the statutory maximum of five years. Fourth, we find the scoresheet was miscalculated and remand for resentencing on the aggravated assault conviction with a corrected scoresheet. Fifth, the written no contact order was not part of the oral pronouncement, and as such, must be stricken.

According to the state, a group of people were gathered in front of an apartment building in Lauderhill. An altercation started, culminating in appellant going into an apartment and coming back with a rifle. Appellant then started shooting indiscriminately into the crowd, injuring two people.

Five aggravated assault victims testified to witnessing the shooting and identifying appellant as the shooter to the police. The two aggravated battery victims also testified regarding their injuries and their identification of appellant as the shooter.

The jury found appellant guilty as charged. The trial court sentenced appellant to 36 years in prison with a 25-year mandatory minimum for the aggravated battery convictions and a concurrent term of 36 years in prison with a 20-year mandatory minimum for the aggravated assault conviction. Appellant appealed. During the pendency of this appeal, appellant filed a motion to correct sentence. The trial court entered an order recognizing it failed to rule on the motion within sixty days and the motion was thus deemed denied by operation of law under Florida Rule of Criminal Procedure 3.800(b)(2)(B).

"Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo." *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016) (citation omitted).

### 1. Reclassification of aggravated battery convictions

Appellant argues that the trial court erred in reclassifying his aggravated battery convictions to first-degree felonies because the firearm was an essential element of the crime. The state responds that the trial court properly reclassified the aggravated battery convictions because the aggravated battery was independently established by the showing of great bodily harm, and the firearm was not an essential element of the offense.

Aggravated battery is a second-degree felony and is committed either

2

by (1) causing great bodily harm *or* (2) using a deadly weapon. § 784.045(1)(a), (2), Fla. Stat. (2021); *Stoute v. State*, 915 So. 2d 1245, 1248 (Fla. 4th DCA 2005). Under the 10-20-Life statute, aggravated battery is reclassified to a first-degree felony when a weapon or firearm is used in committing the felony, "except a felony in which the use of a weapon or firearm is an essential element." § 775.087(1), Fla. Stat. (2021).

Thus, "the crime of aggravated battery causing great bodily harm is subject to enhancement under section 775.087(1) while the crime of aggravated battery with a deadly weapon is not." *Harrell v. State*, 150 So. 3d 858, 862 (Fla. 2d DCA 2014) (citing *Lareau v. State*, 573 So. 2d 813, 815 (Fla. 1991)). "In order to support the enhancement under section 775.087(1), the jury must be given the option of finding the defendant guilty of aggravated battery with great bodily harm without also finding the defendant guilty of aggravated battery with a deadly weapon." *Id.*; *see also Stoute*, 915 So. 2d at 1248.

In the instant case, the trial court properly reclassified the aggravated battery convictions as first-degree felonies. The trial court instructed the jury that to prove the crime of aggravated battery, the state must prove that appellant "caused great bodily harm" to the victim. The trial court also instructed the jury on possession of a firearm, discharge of a firearm, and discharge of a firearm causing great bodily harm. The jury returned a verdict finding:

> _X_ A. The Defendant is Guilty of Aggravated Battery as charged in the Information.
>
> . . . .
>
> If you find the Defendant guilty of Aggravated Battery as set forth in A above, and find that in doing so the Defendant used a firearm, you must answer the following questions.
>
> 1. During the course of the crime committed, did the Defendant, LATEEF GARNES, actually possess a firearm?
>    _X_ Yes or __ No
>
> 2. During the course of the crime committed, did the Defendant, LATEEF GARNES, actually discharge a firearm?
>    _X_ Yes or __ No

3. During the course of the crime committed, did the Defendant, LATEEF GARNES, actually discharge a firearm, and in doing so cause great bodily harm?
   _X_ Yes or __ No

In *Hurry v. State*, 978 So. 2d 854, 854 (Fla. 1st DCA 2008), the court found that aggravated battery was "independently established by the great bodily harm, and the use of a deadly weapon [was] thus not an essential element of the aggravated battery." *See also Harrell*, 150 So. 3d at 862 ("In order to support the enhancement under section 775.087(1), the jury must be given the option of finding the defendant guilty of aggravated battery with great bodily harm without also finding the defendant guilty of aggravated battery with a deadly weapon."). Similarly, here, the aggravated battery was independently established by great bodily harm. Both aggravated battery victims testified regarding their injuries. One victim was shot by his eye and had a scar and bump from where the bullet was removed. The other victim was shot in the arm and chest. He was flown to the hospital in a helicopter where he had surgery, stayed in the hospital for a month, and was on bedrest for a year. Doctors had to remove some of his stomach and intestines and insert a metal plate on his ribs. The victim, at trial, was still in pain from the shooting.

Additionally, the jury instructions defined "aggravated battery" as having caused "great bodily harm." The jury instructions did not define aggravated battery as encompassing the use of a deadly weapon. The jury found appellant guilty of aggravated battery, and then made separate findings that appellant possessed and discharged a firearm. Thus, the jury found appellant guilty of aggravated battery for causing great bodily harm, and separately found that appellant used a deadly weapon. Because the conviction was based on great bodily harm, reclassification was proper.

2. Aggravated battery sentences

Appellant argues that his aggravated battery sentences of 36 years in prison with a 25-year mandatory minimum were not authorized by law. The state agrees appellant's 36-year sentences for aggravated battery were improper.

Appellant's aggravated battery convictions were reclassified to first-degree felonies and thus were punishable by up to 30 years in prison. §§ 775.082(3)(b), 775.087(1)(b), 784.045(2), Fla. Stat. (2021). Under the 10-20-Life statute, because appellant discharged a firearm causing great bodily harm, appellant was subject to "a minimum term of imprisonment

of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(3)(a)(3), Fla. Stat. (2021). In addition to the minimum mandatory sentence, the court may impose "a longer sentence of incarceration as authorized by law . . . ." § 775.087(3)(b), Fla. Stat. (2021). The trial court has discretion to "impose a mandatory minimum of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum." *Mendenhall v. State*, 48 So. 3d 740, 742, 750 (Fla. 2010) (finding defendant was "properly sentenced to thirty-five years with a thirty-five-year mandatory minimum, notwithstanding the statutory maximum of thirty years").

Significantly, in order to exceed the statutory maximum, the entire sentence must be a mandatory minimum. *Hatten v. State*, 203 So. 3d 142, 145 (Fla. 2016). In *Hatten*, a 40-year sentence with a 25-year mandatory minimum was impermissible. *Id.* at 146. The 40-year sentence exceeded the 30-year statutory maximum, and "[t]he trial court did not impose its entire sentence pursuant to the 10–20–Life statute." *Id.* at 145. As such, there was "no statutory authority for the additional term of years beyond the selected mandatory minimum (of 25 years) under the 10–20–Life statute." *Id.* at 146.

Like in *Hatten*, here, appellant's 36-year aggravated battery sentences exceeded the 30-year statutory maximum, and the trial court did not impose its entire sentence pursuant to the 10-20-Life statute. As such, we reverse appellant's 36-year sentences for the aggravated battery convictions and remand for the trial court "to impose a sentence up to thirty years in prison with a mandatory minimum sentence of twenty-five years in prison." *Hill v. State*, 291 So. 3d 1012, 1014 (Fla. 1st DCA 2020).[1]

3. Aggravated assault sentence

Appellant next argues that his aggravated assault sentence of 36 years in prison with a 20-year mandatory minimum was illegal because he was not eligible for a mandatory minimum sentence under the 10-20-Life statute, and he could not receive a sentence above the 5-year statutory maximum. The state concedes this court must reverse and remand for resentencing.

First, appellant's aggravated assault sentence was not subject to the 20-year mandatory minimum sentence because a 2016 amendment to section 775.087 removed aggravated assault from the list of enumerated

---

[1] Because the initial minimum mandatory portion of the sentence was lawful, it cannot be increased on resentencing. *See id.* at 1013-14.

offenses.  *See Pappas v. State*, 346 So. 3d 1200, 1202 (Fla. 1st DCA 2022). Additionally, a 2019 amendment to the Savings Clause of the Florida Constitution allows amendments to criminal statutes to be applied retroactively to pending prosecutions or sentences.  *See id.* at 1203; *Stapleton v. State*, 286 So. 3d 837, 839 (Fla. 5th DCA 2019) (citing *Jimenez v. Jones*, 261 So. 3d 502, 504 (Fla. 2018)).  The legislature later enacted section 775.022, Florida Statutes (2021), which provides: "If a penalty, forfeiture, or punishment for a violation of a criminal statute is reduced by a reenactment or an amendment of a criminal statute, the penalty, forfeiture, or punishment, if not already imposed, must be imposed according to the statute as amended." § 775.022(4), Fla. Stat. (2021).  This means that, although appellant's offense occurred prior to the amendment to the 10-20-Life statute, since he was sentenced after the amendment, he must be sentenced under the amended version of the statute.

Second, appellant could not receive a 36-year sentence because aggravated assault is a third-degree felony punishable by up to 5 years in prison, and his entire sentence was not subject to a mandatory minimum. *Hatten*, 203 So. 3d at 145; §§ 775.082(3)(e), 784.021(2), Fla. Stat. (2021). As such, appellant could be sentenced to a maximum of 5 years in prison for aggravated assault.

Thus, although appellant's offense occurred in 2013, his trial and sentence did not take place until 2020 and 2021, respectively.  As such, appellant was subject to the 2021 version of the 10-20-Life statute, which does not provide for a mandatory minimum sentence for aggravated assault.  Accordingly, we reverse appellant's sentence for aggravated assault and remand for the trial court to strike the 20-year mandatory minimum sentence and resentence appellant to a maximum of 5 years in prison.

4. Scoresheet calculation

Appellant also argues that his scoresheet was miscalculated and that he should be resentenced for aggravated assault with a corrected scoresheet.  The state concedes that appellant's scoresheet was improperly calculated.  Appellant's scoresheet reflects a total of 283.80 points. However, the points from each section of the scoresheet actually add up to 209.80, which is 74 less points.  Based on this miscalculation, we reverse appellant's conviction for aggravated assault and remand for resentencing with a corrected scoresheet.

5. No contact order

Appellant further argues that the written order prohibiting contact with the victims was invalid because it was not orally pronounced at sentencing. The state agrees that the no contact order was not orally pronounced.

"This court has repeatedly recognized that where a written order conflicts with an oral pronouncement, the oral pronouncement prevails." *Lacey v. State*, 831 So. 2d 1267, 1270 (Fla. 4th DCA 2002); *see also Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("[A] written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence."). No contact orders are a part of sentencing and subject to the same oral pronouncement rules. *See Pils v. State*, 638 So. 2d 195, 195 (Fla. 5th DCA 1994) (striking a no contact order not orally pronounced at sentencing). Because the no contact order was not pronounced at sentencing, we remand for the trial court to strike this condition from the written sentence.

In summary, we affirm on all issues, except we reverse appellant's sentences of 36 years in prison for aggravated battery and remand for imposition of a sentence up to 30 years in prison with a mandatory minimum sentence of 25 years in prison. We also reverse appellant's sentence of 36 years in prison with a 20-year mandatory minimum for aggravated assault and remand for the trial court to resentence appellant, with a correctly calculated scoresheet, to a maximum of 5 years in prison and to strike the mandatory minimum sentence. Finally, we remand for the trial court to strike the written no contact order.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

7