# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2599
LT Case No. 2013-CF-002115

_____

JUAN F. PEREZ,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

3.800 Appeal from the Circuit Court for Hernando County.
Daniel Burrell Merritt, Jr., Judge.

Juan F. Perez, Bushnell, pro se.

James Uthmeier, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.

March 21, 2025

PER CURIAM.

   Juan F. Perez ("Perez") appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court erred in not correcting his sentence, we reverse.

I.

Relevant to this appeal, based on a 2013 charge, a jury in September of 2015 found Perez guilty of aggravated battery with a firearm in violation of section 784.045(1)(a)2., Florida Statutes (2013), a second-degree felony punishable by up to fifteen years in prison. The jury made special findings that Perez discharged a firearm resulting in great bodily harm to the victim. As a result, the trial court sentenced Perez to thirty-five years in prison subject to a minimum mandatory sentence of twenty-five years in prison pursuant to section 775.087(2)(a)3., Florida Statutes (2013).

Perez filed a motion for postconviction relief pursuant to rule 3.800(a). Perez argued that his sentence was illegal because it exceeded the twenty-five-year mandatory minimum sentence. Specifically, he argued that his sentence was illegal because the trial court could only impose a mandatory minimum sentence of twenty-five years to life in prison. Thus, the court could not permissibly impose a sentence beyond the fifteen-year maximum (subject to the mandatory minimum sentence provisions of section 775.087(2)(a)3.) absent additional statutory authority. The trial court rendered an order denying Perez's rule 3.800(a) motion, finding that the sentence was within the statutory requirements. This appeal follows.[1]

II.

Generally speaking, "[s]ection 775.087, Florida Statutes, commonly referred to as the 10-20-Life statute, provides for mandatory minimum sentences for offenders who possess or use a firearm in some manner during the commission of certain crimes." *Mendenhall v. State,* 48 So. 3d 740, 746 (Fla. 2010). In this regard, the statute requires the imposition of a mandatory minimum sentence where a firearm is possessed or used during the commission of certain enumerated crimes, including aggravated battery. *Id.*; § 775.087(2)(a)(1)(f), Fla. Stat. (2013). The mandatory minimum sentences differ depending on whether a defendant possessed the firearm, discharged the firearm, or

---

[1] The State filed a written response agreeing with Perez stating that "there is no statutory authority for Appellant's sentence beyond the selected 25 year mandatory minimum."

discharged the firearm and inflicted death or great bodily harm. *Id.* In cases where the defendant is found to have discharged a firearm and inflicted death or great bodily harm, the 10–20–Life statute provides that upon conviction, the defendant "shall be sentenced to a minimum term of imprisonment of not less than 25 years and not more than a term of imprisonment of life in prison." § 775.087(2)(a)3., Fla. Stat. (2013).

The issue Perez raises on appeal was addressed by the Florida Supreme Court in *Hatten v. State,* 203 So. 3d 142 (Fla. 2016). In *Hatten*, the defendant was convicted of attempted second degree murder, which was reclassified as a first-degree felony due to the fact that the jury found that he had possessed and discharged a firearm and caused death or great bodily harm in the course of committing the crime. *Id.* at 145. He was sentenced to forty years in prison, subject to a mandatory minimum sentence of twenty-five years in prison pursuant to section 775.087(2)(a)3. *Id.* at 143. The defendant challenged his sentence, claiming his forty-year sentence with a twenty-five year mandatory minimum term was illegal because the forty-year term exceeded the thirty-year statutory maximum for a first-degree felony. *Id.*

The Court agreed with the defendant, explaining that the statutory maximum sentence for a first-degree felony is thirty years, but a trial court has discretion under section 775.087(2)(a)3. to impose a mandatory minimum sentence of twenty-five years to life, even if that mandatory minimum exceeds the statutory maximum. *Id.* at 145. Based on this, the Court noted that the trial court could have imposed the forty-year sentence as a mandatory minimum sentence pursuant to the 10-20-Life statute, even though it would exceed the thirty-year maximum under the general sentencing statute. However, the sentence imposed was a term of forty years subject only to a twenty-five year mandatory minimum sentence. The Court reasoned that there was no statutory authority for the imposition of the additional term of years beyond the selected mandatory minimum of twenty-five years under the 10-20-Life statute. As a result, once the trial court imposed the required twenty-five year mandatory minimum prison sentence, it could not thereafter exceed the thirty-year maximum penalty for a first-degree felony under the general sentencing statute. *Id.*

In the case before us, but for the 10-20-Life statute, Perez could only have received a maximum sentence of fifteen years in prison based on his second degree felony conviction. § 775.082(3)(d), Fla. Stat. However, Perez's twenty-five-year mandatory minimum sentence for his aggravated battery with a firearm conviction is lawful based on the jury's findings under the 10-20-Life statute. *See* § 775.087(2)(a)3., Fla. Stat. In this matter, the trial court sentenced Perez to thirty-five years in state prison with a twenty-five year mandatory minimum prison sentence. The trial court could have sentenced Perez to a thirty-five year mandatory minimum sentence, but, under *Hatten*, once the trial court issued the twenty-five year mandatory minimum prison sentence, it could not thereafter exceed the fifteen year maximum penalty for the second-degree felony, i.e., the thirty-five year prison sentence, without further statutory authority. Thus, the portion of Perez's sentence that exceeds the required twenty-five-year mandatory minimum is illegal. *See Wynn v. State*, 277 So. 3d 281 (Fla. 5th DCA 2019); *Wooden v. State,* 42 So. 3d 837 (Fla. 5th DCA 2010).

## III.

Based on the foregoing, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

EISNAUGLE, BOATWRIGHT, and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4