DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT JOSEPH RANNE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2951

[April 15, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562021CF001034AXXXXX.

Daniel Eisinger, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for attempted second-degree murder with a firearm. He raises five points of error in: (1) the admission of the medical examiner's opinion; (2) the life sentence imposed; (3) the jury instruction on attempted second-degree murder; (4) the $200 prosecution cost imposed; and (5) failing to provide a twelve-person jury. We agree with the defendant on points two and four. We therefore reverse in part, affirm in part, and remand the case to the trial court for resentencing.

- *The Facts*

The State charged the defendant with attempted first-degree murder with a firearm. The victim testified that she lived with the defendant and that he is the father of her child. She was trying to break up with the defendant, told him to leave, and an argument followed. During the

argument, the defendant shot her. Fortunately, the victim survived the shooting.

The jury found the defendant guilty of the lesser offense of attempted second-degree murder with a firearm. The trial court adjudicated the defendant guilty and sentenced him to life in prison with a twenty-five-year mandatory minimum.

From his conviction and sentence, the defendant now appeals.

- ***The Analysis***

The trial court sentenced the defendant to life in prison with a twenty-five-year mandatory minimum. The defendant argues that while the twenty-five-year mandatory minimum sentence was authorized pursuant to the 10-20-life statute, the life sentence exceeds the statutory maximum for the offense, which is thirty years. *See* §§ 775.087(2)(a)3., 775.082(3)(b), Fla. Stat. (2021). The State responds that the 10-20-life statute itself provides for a maximum sentence of life in prison, rendering the defendant's sentence lawful. Alternatively, the State requests that if we agree with the defendant and reverse, we should permit the trial court to resentence the defendant to life.

We have de novo review of the defendant's sentence as it "involves a pure issue of law." *Garnes v. State*, 382 So. 3d 701, 705 (Fla. 4th DCA 2024) (citation and internal quotation marks omitted).

"A sentence is 'illegal' if it imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." *Carter v. State*, 786 So. 2d 1173, 1181 (Fla. 2001) (citation modified). Section 775.087(2)(a)(3), known as "the 10-20-life statute," gives the trial court discretion to choose a mandatory minimum from twenty-five years up to life, even if that chosen mandatory minimum exceeds the normal statutory maximum. *Hatten v. State*, 203 So. 3d 142, 145 (Fla. 2016).

If the trial court selects a mandatory minimum of twenty-five years, it lacks authority under the 10-20-life statute for an additional term beyond the selected minimum. *Id.* at 145–46. If the court wants to impose a sentence longer than the selected mandatory minimum, it must have "**additional** statutory authority" other than section 775.087. *Id.* (emphasis added); *see also Garnes*, 382 So. 3d at 706 (holding that to exceed the statutory maximum based on 10-20-life, "the entire sentence must be a mandatory minimum").

2

Here, the jury found the defendant guilty of attempted second-degree murder, which is a first-degree felony punishable by a term of years not exceeding life. § 782.04(2), Fla. Stat. (2021). Under the attempt statute, a felony of the first degree is re-classified as a second-degree felony. § 777.04(4)(c), Fla. Stat. (2021). Thus, attempted second-degree murder—standing alone—is a second-degree felony punishable by up to 15 years' imprisonment. § 775.082(3)(d), Fla. Stat. (2021).

If a firearm is used, that second-degree felony is again reclassified to a first-degree felony. § 775.087(1)(b), Fla. Stat. (2021). A first-degree felony is generally punishable by up to thirty years' imprisonment. § 775.082(3)(b), Fla. Stat. (2021). If the jury also finds the defendant discharged a firearm and caused great bodily harm, 10-20-life applies and gives the court discretion to impose a **mandatory minimum** between twenty-five years and life. § 775.087(2)(a)3., Fla. Stat. (2021) (emphasis added).

Here, the jury found the defendant guilty of attempted second-degree murder. The jury also found the defendant discharged a firearm and caused great bodily harm. Those findings reclassified the offense from a second-degree felony to a first-degree felony, carrying a general statutory maximum of thirty years. *See* §§ 777.04(4)(c), 775.087(1)(b), 775.082(3)(b), Fla. Stat. (2021). The jury's findings also triggered the 10-20-life statute, giving the trial court discretion to impose a **mandatory minimum** between twenty-five years and life. *See* § 775.087(2)(a)3., Fla. Stat. (2021).

The trial court, however, did not select "life" as the 10-20-life mandatory minimum. Instead, the trial court imposed a total sentence of life, with "a mandatory twenty-five years as part of that sentence."[1] Therein lies the error.

The trial court selected "twenty-five years" as the 10-20-life component and then **added** life incarceration thereby exceeding the statutory maximum. This is impermissible unless some **other** statute

---

[1] The written sentence does not reflect that a 25-year mandatory minimum sentence was orally imposed. The defense notes the unchecked box in the written order is a scrivener's error, and the order must be corrected to comport with the actual sentence orally pronounced. *See Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) ("[A] court's oral pronouncement of a sentence controls over the written sentencing document." (citing *Ashley v. State*, 850 So. 2d 1265, 1268 (Fla. 2003); *Justice v. State*, 674 So. 2d 123, 126 (Fla. 1996))). The State agrees.

independently authorizes the longer total sentence. *See Hatten*, 203 So. 3d at 145–46*; see also Wynn v. State*, 277 So. 3d 281, 283 (Fla. 5th DCA 2019) (once the court imposed the twenty-five-year mandatory minimum under section 775.087(2)(a)3., it could not exceed the statutory maximum for the offense).

Accordingly, because the trial court selected a twenty-five-year mandatory minimum but imposed a life total sentence without separate statutory authority, the sentence exceeds the statutory maximum and is thus illegal.

The defendant requests that we remand with instructions to resentence at or below the statutory maximum of thirty years in prison with the twenty-five-year mandatory minimum remaining in effect. The State requests that we remand and allow the trial court to resentence the defendant to life in prison. We agree with the defendant. *See Garnes*, 382 So. 3d at 707.

In his fourth issue, the defendant argues that the written order assessing fines, fees, costs, and other charges contains a scrivener's error that should be corrected because it does not match the trial court's oral pronouncement. The written order lists a $200 prosecution fee, but the court orally pronounced only $100. The State agrees this scrivener's error should be corrected pursuant to *Croissy v. State*, 404 So. 3d 419, 420 (Fla. 4th DCA 2025).[2]

Based on the foregoing, we reverse the sentence on issues two and four and affirm the remaining issues without further discussion. We remand the case to the trial court for resentencing at or below the statutory maximum of thirty years in prison with the twenty-five-year mandatory minimum remaining in effect.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ, C.J., and GERBER, J., concur.

* * *

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] In his fifth issue, the defendant argues that he was entitled to a twelve-person jury. This issue is unpreserved. *See Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005). Regardless, the outcome is controlled by *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022).